Booker T. HARLAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–97–00188–CR.

Court of Appeals of Texas, Tyler.

Aug. 27, 1998.

Vernard Solomon, Marshall, for appellant.

Edward J. Marty, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

RAMEY, Chief Justice.

Booker T. Harlan ("Appellant") pled guilty to the offense of driving while intoxicated when the trial court denied his motion to set aside the information because of the alleged violation by the State of his right to a speedy trial. Nearly four and one-half years elapsed between the time of his arrest and the date the case finally went to trial. Appellant raises one point of error, alleging that the State violated his constitutional right to a speedy trial. We will affirm the trial court's judgment.

Appellant was arrested for the crime of driving while intoxicated on November 27, 1992 and released on bond on November 28. The charging instruments were filed by the State on December 28th 1992. Appellant waived arraignment in January of 1993, and he and his counsel filed various motions in February of 1993. The case was set for trial on March 8, 1993, and there is no indication in the record as to why trial did not take place on that date. In July of that year, the case was transferred from one county court at law to another, and nothing else occurred in the case for nearly four years until it appeared on the trial docket for April 28, 1997. Appellant moved to dismiss the case on speedy trial grounds at some point after that. Though Appellant's motion does not appear in the record, the State explained in a brief in opposition to Appellant's motion to dismiss, which it filed in the trial court on May 12, 1997, that Appellant's motion for dismissal was made orally shortly before jury selection was to begin on the April 28 trial setting. Appellant filed a brief in support of his motion on May 13, 1997, and filed a written motion to set aside the information on June 11. That day, the trial court heard Appellant's motion and denied relief; Appellant then pled guilty to the charge.

In his sole assignment of error, Appellant claims that the trial court erred in denying his motion to dismiss the information for failure to afford Appellant his right to speedy trial, as guaranteed by the Sixth Amendment to the United States Constitution, Article 1, Section 10 of the Texas Constitution, and Article 1.05 of the Texas Code of Criminal Procedure. The courts of Texas review speedy trial claims under both federal and state law according to the same standard of review. *Hull v. State*, 699 S.W.2d 220, 221 (Tex.Cr.App.1985). In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court developed a four-part test for determining whether an appellant's right to a speedy trial was violated. The courts should review the record in light of (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant resulting from the delay. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2191; *Emery v. State*, 881 S.W.2d 702, 708 (Tex.Cr.App.1994). Recently, the Texas Court of Criminal Appeals has held that appellate courts must conduct a *de novo* review of speedy trial claims. *Johnson v. State*, 954 S.W.2d 770, 771 (Tex.Cr.App.1997); *see also Clarke v. State*, 928 S.W.2d 709, 712–713 (Tex.App.—Fort Worth 1996, pet. ref'd); and *Holmes v. State*, 938 S.W.2d 488, 492 (Tex.App.—Texarkana 1996, no pet.).

### The Length of Delay :

Though there is no particular period of time which constitutes a per se violation of the right to a speedy trial, "[t]he length of the delay is to some extent a triggering mechanism, so that a speedy trial claim will not be heard until passage of a period of time that is, prima facie, unreasonable under the existing circumstances." *Knox v. State*, 934 S.W.2d 678, 681 (Tex.Cr.App.1996). In *Knox*, the Court of Criminal Appeals noted that courts often hold that a delay of eight months or more is "presumptively unreasonable and triggers speedy trial analysis" and therefore assumed for the purposes of the case before it that a ten-month delay was "prima facie unreasonable." *Id.*; *see also Harris v. State*, 827 S.W.2d 949, 956 (Tex.Cr. App.1992).

In the instant case, approximately four years and five months elapsed from the time Appellant was formally charged on December 28, 1992 to the day trial began on June 11, 1997. Appellant was not incarcerated during that time, except for the night of his arrest, but such a delay may be said to be

unreasonable per se and requires scrutiny under *Barker*.

### The Reason for the Delay :

■ The State bears the burden to establish a reason for the delay. *Phillips v. State*, 650 S.W.2d 396, 400 (Tex.Cr.App.1983); *Turner v. State*, 545 S.W.2d 133, 137–138 (Tex. Cr.App.1976). Here, the reason for the delay is unknown. The State explains only that in Smith County, the District Attorney's office does not set trial dates. Because the State has not met its burden of explaining the delay, we must presume that no valid reason for delay existed. *Turner*, at 138. We hold that this factor of the *Barker* test weighs in favor of the Appellant's position.

### The Defendant's Assertion of the Right :

■ Appellant did not assert his right to a speedy trial until appearing in court on April 28, 1997, the date the case was to go to trial. Although a defendant's failure to assert a speedy trial claim during the earlier periods leading up to trial does not waive the right to a speedy trial, the failure to make a more timely assertion of the right weighs against the defendant's position on the speedy trial issue. *Barker*, 407 U.S. at 531–32, 92 S.Ct. at 2192–93; *Harris*, 827 S.W.2d at 957. In *Barker*, the accused had to await trial for a similar period of time, the State being without excuse for at least four years of a more than five year delay. The Supreme Court observed that the accused acquiesced through inaction each time prosecutors moved for a continuance during a period of more than three years; he first moved for dismissal on speedy trial grounds in response to another motion for continuance without ever requesting that a trial be held. *Barker*, 407 U.S. at 534–35, 92 S.Ct. at 2194. In fact, in *Barker* the court concluded that because the accused did not resist the State's attempts to delay the trial, he did not appear to desire a speedy trial; that determination was perhaps more significant than any other element of the balancing test in prompting the court to hold that the defendant had not been deprived of a speedy trial. *Id.* 407 U.S. at 536, 92 S.Ct. at 2195. In the instant case,

too, it may be argued that Appellant acquiesced to the delay because until the case was called for trial, he never asserted his right to a speedy trial.

Inasmuch as the evidence in this case was adverse to him,[1] Appellant had little reason to be diligent in seeking a speedy trial; nevertheless, his failure to assert the right remains a factor for analysis. The facts here are sufficiently analogous to those in *Barker*, the leading case on the issue, to require that we hold that this factor of the balancing test weighs against Appellant's position.

### Prejudice to the Defendant :

■ The right to a speedy trial is designed to protect the following interests of a defendant, and prejudice may exist when they are violated: (1) the prevention of oppressive pretrial incarceration, (2) the minimization of anxiety and concern on the part of the accused, and (3) the limitation of the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. The third of the interests protected is the most serious. *Id.* "Although a showing of $actual prejudice' is not required in Texas, the burden is on the accused to make some showing of prejudice which was caused by the delay of his trial." *Harris v. State*, 489 S.W.2d 303, 308 (Tex.Cr.App.1973) (citing *Courtney v. State*, 472 S.W.2d 151, 154 (Tex. Cr.App.1971)). Once the accused makes some showing of prejudice, the burden shifts to the State to show that no prejudice resulted. *Courtney*, 472 S.W.2d at 154; *Ex parte McKenzie*, 491 S.W.2d 122, 123 (Tex.Cr.App. 1973); *Parkerson v. State*, 942 S.W.2d 789, 792 (Tex.App.—Fort Worth 1997, no pet.).

■ Appellant did not suffer oppressive pretrial incarceration because he was released on bond after one night in jail. He claimed during the hearing on his motion to dismiss that he suffered much anxiety and concern during the four years prior to his ultimate prosecution. The Supreme Court has recognized that even if not detained prior to trial, one awaiting trial on criminal charges suffers restraints on his liberty and lives "under a cloud of anxiety, suspicion, and

---

1. Tests performed on specimens taken of Appellant's breath showed his blood alcohol concentration to be at 0.161 and 0.153, well above the legal limit.

often hostility." *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193. Appellant did not offer evidence, apart from his testimony, to demonstrate such anxiety, and, as noted above, we are inclined to conclude that his level of anxiety was not great, given the fact that he never pursued his pretrial motions nor asserted his right to a speedy trial during the more than four years leading up to trial. *Cf. Santallan v. State*, 922 S.W.2d 306, 309 (Tex. App.—Fort Worth 1996, pet. ref'd). In fact, the unavoidable inference is that Appellant's main source of anxiety was his fear of almost certain conviction; but we may also infer that the delay provided Appellant with his only relief from that anxiety because it gave him hope that the case would be dismissed on speedy trial grounds.

Consequently, Appellant's claim of prejudice must rest primarily on the possibility that the delay impaired his defense. Appellant testified at the hearing that he could not remember some of the key events of the night of his arrest, nor could he recall the names of certain witnesses to his arrest and incarceration, including police officers and others who were present at the jail on the night of his arrest. He further alleged that one of the two occupants of his car on the night of the arrest had moved away and that he had no way of locating the man.

In order for Appellant's inability to locate witnesses to amount to "some showing of prejudice," Appellant must demonstrate "that the witnesses are unavailable, that their testimony might be material and relevant to his case, and that he has exercised due diligence in his attempt to find them and produce them for trial." *Harris*, 489 S.W.2d at 308. Appellant did not present such evidence. At the hearing on June 11, 1997, Appellant testified that he knew the whereabouts of one of the men who had been a passenger in his car on the night of the arrest but that he had made no attempt to contact the man to have him testify at the trial. He stated that he had not tried to contact the other occupant at all. Also, he had not tried to determine, through discovery or otherwise, the names of any of the police officers or other jail personnel on duty on the night of his arrest. In further sup-

port of the State's argument, we observe that Appellant hired an attorney very soon after his arrest and related all of the facts surrounding the case to his attorney at that time. The attorney filed a pretrial discovery motion in which the names of witnesses at the jail could have been obtained, along with other evidence; much of the blame for Appellant's alleged inability to locate potential witnesses may be attributed to his failure to pursue the discovery.

We must note, however, that in some instances, "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett v. United States*, 505 U.S. 647, 655, 112 S.Ct. 2686, 2693, 120 L.Ed.2d 520, 528–531 (1992). Nevertheless, it is significant that the length of delay here is quite comparable to that in *Barker*, and we may not, therefore, hold that the length of the delay alone amounts to prejudice. Appellant did not make any attempt to locate any witnesses, nor did he demonstrate how their testimony would have been material. Appellant has not met his burden to show "some prejudice" in this case.

*Conclusion :*

None of the four factors set out in *Barker* is "a necessary or sufficient condition" to a finding of a constitutional violation; neither do the four factors have any "talismanic qualities." *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193. Rather, the elements of the test are related and should be considered, together with any other relevant circumstances, "in a difficult and sensitive balancing process." *Id.* In other words, each case must be examined under the *Barker* test in light of its own unique facts. *Johnson v. State*, 954 S.W.2d 770, 773 (Tex.Cr.App.1997).

On balance, the factors considered above weigh against Appellant's assertion of a violation of his constitutional right to a speedy trial. Though the delay was excessive and unexcused, Appellant never asserted his right to speedy trial until the day of trial. Appellant has also failed to show that "some prejudice" resulted from the delay. Accord-

ingly, we overrule Appellant's sole point of error.

We affirm the judgment of the trial court.