NUMBER 13-01-165-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

JERRY
FRANK HAAS IVY,                                                     Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 



 

                         On appeal from the 36th District Court

                               of San Patricio County, Texas.

 



 

 

                                   O P I N I O N

 

                  Before Justices Dorsey, Hinojosa, and
Rodriguez

                                  Opinion by Justice Dorsey

 

Appellant, Jerry Frank
Haas Ivy, appeals his conviction for burglary of a habitation.  The sole issue for review is whether
appellant was denied his right to a speedy trial.  We affirm.








                          I. 
Factual And Procedural Background

 

Maricela Aranda, a resident of
Mexico, was living in the home of Jack Cavitt.  She awoke during the night and saw appellant
and two men enter her bedroom.  After the
two men tied her up appellant raped her. 
Appellant was arrested, two days later,  on July 3, 1999, and was released on
bond that same day.  After the case was
set for trial the State requested a continuance on the grounds that (1) Aranda
was residing in Mexico and needed more time to make travel arrangements to
return to Texas, and (2) the State was trying to find a material witness.  The trial court granted the motion and reset
the case for trial.  Three days before
the reset date the State requested a second continuance, claiming that Aranda Amoved back to her
native country of Mexico after the assault, . . . .  She has petitioned the Country of Mexico to
allow her to renew her travel visa in order to return to the United States and
testify. The visa will not be completed until at least 30 days from the date of
this motion.@  The trial court granted the continuance and
again reset the case for trial. 
Afterwards on June 12, 2000, appellant filed his demand for speedy
trial.








The case was set for
trial on October 16, 2000.  On that date
appellant filed a motion to dismiss for violation of the right to a speedy
trial, claiming that he had suffered prejudice. 
The trial court held a hearing on the motion.  Appellant testified that he was not in jail,
but had suffered a nervous breakdown because he was worried about spending the
rest of his life in prison.  He had seen
a doctor for his anxiety and was taking Prozac to help him deal with the
stress.  Because of the allegations, he
experienced loss of friends, public humiliation, and had problems finding a
job.  He was fired from one job after
someone called him a rapist.

The State=s attorney, Marcelino Rodriguez, testified that Aranda lived in Mexico
and was scheduled to arrive Ain this jurisdiction
sometime this morning.@  He said that she had not been served with a
subpoena and that the trial could not proceed without her.  The trial court denied the motion to dismiss,
and the parties began voir dire
examination.  However the trial court
declared a mistrial due to a lack of qualified panel members.

At a pre-trial hearing
on December 11, 2000, appellant re-urged his motion to dismiss for violation of
the right to speedy trial, claiming that the delay in bringing this case to
trial prejudiced him.  The trial court
overruled the motion, and trial began the next day.  During cross-examination at the
guilt/innocence phase Aranda testified that from 1998 to 2008 she had a visa to
enter the United States from Mexico and that this visa allowed her to come to
this country when she chose to do so. 
After the State rested its case appellant re-urged his motion to
dismiss, requesting that the trial court dismiss the case because the evidence
showed that Aranda had a travel visa since 1998 and that she had legal
authority to enter the United States at will. 
The trial court denied the motion.

                                         II. Right To A Speedy Trial








When analyzing a trial
court's decision to grant or deny a speedy-trial claim a reviewing court must
balance four factors:  (1) the length of
the delay; (2) reason for the delay; (3) assertion of the right;  and (4) prejudice to the accused.  Barker v. Wingo, 407 U.S. 514, 530 (1972).[1]  Review of these individual factors
necessarily involves fact determinations and legal conclusions.  Johnson v. State,
954 S.W.2d 770, 771 (Tex. Crim. App. 1997).  The balancing test as a whole, however, is a
purely legal question.  Id.  Legal questions are reviewed de novo.  Id. 


                                                 1.
Length of Delay

First we consider the
length of the delay between the accused's arrest and
trial, and we must find this delay presumptively prejudicial before we inquire
into the remaining Barker factors. 
Barker, 407 U.S. at 530.  There is, however, no per se length of
delay that automatically constitutes a violation of the right to a speedy
trial.  Hull v.
State, 699 S.W.2d 220, 221 (Tex. Crim. App.
1985).  We measure the delay from
the time the defendant is formally accused or arrested until the time of
trial.  United
States v. Marion, 404 U.S. 307, 313 (1971).  Most delays of eight months or more are
considered presumptively unreasonable and prejudicial.  Marion, 404 U.S. at 313.








Presumptive prejudice
does not necessarily indicate a statistical probability of prejudice;  it simply marks the
point at which courts deem the delay unreasonable enough to trigger the Barker
inquiry.  Doggett v.
United States, 505 U.S. 647, 652 n.1 (1992); State v. Munoz, 991
S.W.2d 818, 821-22 (Tex. Crim. App. 1999). 

Here appellant was
arrested on July 3, 1999, and the trial leading to conviction began on December
12, 2000.  A delay of seventeen months
and one week is sufficient to trigger our consideration of the remaining Barker
factors.  See Munoz,
991 S.W.2d at 822 (seventeen and one-half month delay presumptively unreasonable);
Harris v. State, 827 S.W.2d 949, 956 (Tex. Crim.
App. 1992) (delay of more than eight months presumptively unreasonable).  Because we conclude the delay in the trial is
presumptively prejudicial, we now address each of the remaining Barker
factors.

                                                2.
Reason for Delay








The State has the
burden to prove a reason for the delay.  State v. Flores, 951 S.W.2d 134, 137 (Tex. App.‑‑Corpus
Christi 1997, no pet.).  Under Barker "different weights should be assigned to
different reasons" for the delay. 
Barker, 407 U.S. at 531.  A Adeliberate attempt to
delay the trial@ weighs heavily
against the State.  Id.[2]  We consider whether the delay was due to
deliberate attempts to hamper the defense, justified circumstances, such as
missing witnesses, or more neutral reasons, such as overcrowded court
dockets.  Webb v. State, 36 S.W.3d
164, 173 (Tex. App.BHouston [14th Dist.] 2000, pet. ref'd); Crowder v. State, 812 S.W.2d 63, 66 (Tex. App.‑‑Houston
[14th Dist.] 1991, pet. ref'd).  

Here the delay
resulted from the State=s request for two
continuances and the granting of mistrial. 
The State first sought a continuance because (1) Aranda was residing in
Mexico and needed more time to make travel arrangements to return to Texas, and
(2) the State was trying to find a material witness, Billy Cavitt.  The State asked for a second continuance
because Aranda was in the process of renewing her travel visa.  These representations about Aranda=s travel visa
conflicted with her trial testimony that she had a visa since 1998 and could
enter this country whenever she chose. 
However the record does not show that the State knew that its
representations about Aranda=s visa were false,
that she told the State that she was not having problems with her travel visa,
or that the State deliberately tried to hamper the defense or delay the
trial.  There is no evidence that the
State's intent was to prejudice appellant. 
A valid reason for the delay should not be weighed against the
government at all.  Barker, 407
U.S. at 531 (valid reason for delay "should serve to justify appropriate
delay"); Munoz, 991 S.W.2d at 822. 
We conclude that the delay was justified and should not be weighed
against the State.  See Barker,
407 U.S. at 530‑32 (valid reason for delay not weighed against
government).








Concerning the grant
of the mistrial the State struck several venire members from the panel.  The trial court granted a mistrial due to a
lack of qualified venire members.  The
record does not show that by striking these persons from the panel the State
deliberately tried to hamper the defense or delay the trial.                 

                                            3.
Assertion Of The Right

Under Barker a
defendant is responsible for asserting or demanding his right to a speedy
trial.  Barker,
407 U.S. at 528‑29. 
Therefore a defendant's assertion of his right to a speedy trial is
entitled to strong evidentiary weight.  Id. at 531. 
Here appellant did not file his demand for speedy trial until June 12,
2000, over eleven months after his arrest. 
A lengthy delay in asserting the right attenuates a speedy-trial
claim.  Haney v. State, 977 S.W.2d
638, 642 (Tex. App.BFort Worth 1998, pet. ref=d).  See Emery v. State, 881
S.W.2d 702, 709 (Tex. Crim. App. 1994).  Further at a pre-trial hearing on October 2,
2000, defense counsel told the trial court that she wanted to meet with the
victim before trial and that she wanted the court to appoint an investigator to
help find people who have information about the case.  Appellant did not assert the speedy-trial
right at this hearing.  A lack of
persistence in asserting the right attenuates a speedy-trial claim.  Haney, 977 S.W.2d at
642.  See Emery, 881 S.W.2d at 709.  We
conclude that, under these facts, appellant asserted his right to a speedy
trial, and, therefore, factor three weighs in his favor, albeit slightly.

                                          4.
Prejudice To The Accused








We assess prejudice
"in the light of the interests" which "the speedy trial right
[is] designed to protect."  Munoz,
991 S.W.2d at 826 (quoting Barker, 407 U.S. at 532-33).  These interests are:  (1) preventing oppressive pretrial
incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting
the possibility that the defense will be impaired.  Barker, 407 U.S. at 532-33; Munoz,
991 S.W.2d at 826. 
Of these subfactors "the most serious is
the last, because the inability of a defendant adequately to prepare his case
skews the fairness of the entire system." 
Munoz, 991 S.W.2d at 826 (quoting Barker, 407 U.S. at
532-33).

A defendant has the
burden to make some showing of "prejudice" although a showing of
"'actual prejudice'" is not required. 
Munoz, 991 S.W.2d at 826 (quoting Harris v. State, 489
S.W.2d 303, 308 (Tex. Crim. App. 1973)).  When a defendant makes a "prima facie
showing of prejudice," the State carries "'the obligation of proving
that the accused suffered no serious prejudice beyond that which ensued from the
ordinary and inevitable delay.'"  Munoz,
991 S.W.2d at 826 (quoting Ex parte McKenzie,
491 S.W.2d 122, 123 (Tex. Crim. App. 1973)).








Appellant did not
suffer oppressive pretrial incarceration because he was released on bond the
day of his arrest.  See Harlan v. State,
975 S.W.2d 387, 390 (Tex. App.BTyler 1998, pet. ref=d).  He claimed that he had suffered a nervous
breakdown because he was worried about spending the rest of his life in
prison.  Because of the allegations, he
experienced loss of friends, public humiliation, and had problems finding a
job.  The United States Supreme Court has
recognized that even if not detained prior to trial, one awaiting trial on
criminal charges suffers restraints on his liberty and lives "under a
cloud of anxiety, suspicion, and often hostility."  Barker, 407 U.S. at
533.  Considering
the severity of the charge against him, a certain amount of anxiety while
awaiting trial is to be expected. 
See Thompson v. State, 983 S.W.2d 780, 785 (Tex. App.BEl Paso 1998, pet. ref=d).  The delay also gave him time to receive the
appointment of an investigator.

Consequently
appellant's claim of prejudice must rest primarily on the possibility that the
delay impaired his defense.  Nothing in
the record shows that the delay impaired appellant=s defense.  However in some instances "excessive
delay presumptively compromises the reliability of a trial in ways that neither
party can prove or, for that matter, identify."  Doggett v. United States,
505 U.S. 647, 655 (1992).  In Doggett
the accused failed to make any affirmative showing that a six‑year‑delay
weakened his ability to raise specific defenses, elicit specific testimony, or
produce specific items of evidence.  Id.  The government argued that the absence of
such evidence defeated the accused's speedy-trial
claim.  Id.  Disagreeing with the government the Court
noted that consideration of prejudice is not limited to the specifically
demonstrable, and affirmative proof of particularized prejudice is not
essential to every speedy-trial claim.  Id.  As recognized in Barker v. Wingo impairment of one's defense is the most difficult
form of prejudice to prove.  Doggett,
505 U.S. at 655.  Thus the Court
concluded that excessive delay presumptively compromises the reliability of a
trial in ways that neither party can prove or identify.  Doggett, 505 U.S. at 655.  While such presumptive prejudice is, standing
alone, insufficient to carry a speedy-trial claim, courts must consider it
along with the other relevant criteria,

 








keeping in mind that its
importance increases with the length of delay. 
Doggett, 505 U.S. at 655‑56.

Here the delay of
seventeen months and one week is far less than the six‑year delay in Doggett
and is comparable to the seventeen and one-half month delay in Munoz v.
State, 991 S.W.2d 818, 822 (Tex. Crim. App.
1999).  Thus the delay in this case was
not excessive, and therefore, did not presumptively compromise the reliability
of the trial in ways that neither party can prove or identify.  See Id. at 829 (seventeen and one-half
month delay not Aexcessive@).  Accordingly we may not hold that the length
of the delay alone amounted to prejudice. 
Harlan, 975 S.W.2d at 391.  We conclude that appellant=s showing of prejudice
was minimal.  See Barker, 407 U.S.
at 534 (prejudice was "minimal" where defendant lived "for over
four years under a cloud of suspicion and anxiety" and spent "ten
months in jail before trial," and the record indicated "only two very
minor lapses of memory" which "were in no way significant to the
outcome"); Schenekl v. State, 996
S.W.2d 305, 314 (Tex. App.BFort Worth 1999), aff=d on other grounds, 30 S.W.3d 412 (Tex. Crim. App. 2000) (unrebutted
anxiety element insufficient to cause prejudice prong to weigh in appellant's
favor).

                                        Balancing
The Barker Factors








Appellant did assert
his right to a speedy trial.  The delay
was presumptively prejudicial, but not excessive.  Appellant was not oppressed by pretrial
incarceration and has not shown that the delay has impaired his defense.  Though appellant has established, and the
State has failed to rebut, the anxiety element, this is not enough to cause the
prejudice prong to weigh in appellant's favor. 
The State's main reason for delayBthat
Maricela Aranda was having problems with her visaBconflicted
with her testimony that she had a visa since 1998.  However nothing in the record shows that the
State deliberately misled the trial court about Aranda=s purported
difficulties in getting her visa, or that the State deliberately tried to
hamper the defense or delay the trial. 
Further the prejudice suffered by appellant was minimal, and he suffered
no serious prejudice beyond that which ensued from the ordinary and inevitable
delay.  We hold that the State did not
violate appellant's right to a speedy trial.  
We overrule the point of error.

We AFFIRM the trial
court=s judgment.

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not Publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this 6th day of June, 2002.

 











[1]In
Johnson v. State, 954 S.W.2d 770 (Tex. Crim.
App. 1997) the court said that the Barker test contemplates that every
case is different and that appellate courts will have to conduct the balancing
test according to the unique facts of each case.  Id. at 773.  Further the Supreme Court has structured a
test that is fluid enough to take into account many factors depending on the
combination of facts that unfolds.  Id.  At least two of the factors‑‑reason
for delay and prejudice‑‑are particularly susceptible to fact‑rich
scenarios.  In any event appellate
courts may consider factors other than those enumerated depending on the
circumstances of a case.  Id.

 

   





[2]"Deliberate
attempt to delay the trial" has been stated a number of ways.  United States v. Doggett, 505 U.S.
647, 657 (1992) ("deliberate intent [to delay trial] to harm the accused's defense"); Barker v. Wingo,
407 U.S. 514, 531 (1972) ("deliberate attempt to delay the trial in order
to hamper the defense"); United States v. Marion, 404 U.S. 307, 325‑27
(1971) (intentional delay "to gain some tactical advantage over
[defendants] or to harass them").