**Nigel PINNOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-01-397-CR.**

Court of Appeals of Texas,
Corpus Christi-Edinburg.

April 3, 2003.

John S. Gilmore, Jr., Gilmore & Granberry, Joseph V. Collina, Corpus Christi, for appellant.

Michael A. Sheppard, District Attorney, Robert C. Lassmann, Assistant District Attorney, Cuero, for the State.

Before Justices YAÑEZ, CASTILLO, and DORSEY.[1]

## OPINION

Opinion by Justice DORSEY (Retired).

Appellant, Nigel Pinnock, without a plea bargain, pleaded guilty to possession of marihuana pursuant to an agreement with the State to work as a confidential informant. After the plea the trial court postponed the punishment hearing, and appel-

---

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

lant began work as an informant. The agreement stated that if he abided by the terms of the agreement the State would recommend deferred adjudication community supervision. If he failed to satisfy the agreement the State would recommend a cap of fifteen years in prison. At the punishment hearing Sargent Jalufka testified that appellant failed to perform as required by the agreement. The trial court sentenced appellant to fifteen years in prison. By five issues appellant complains that: the trial court had no jurisdiction to sentence him; he was denied a speedy trial; the State failed to use due diligence; and he was denied due process of law. We affirm.

### A. *Jurisdiction*

■ By his first issue appellant asserts that the trial court had no jurisdiction to sentence him, because prior to the punishment hearing, almost fifty months had elapsed from the date of his arrest, and twenty-eight months had elapsed from the date he pleaded guilty. Criminal jurisdiction over the defendant begins with the due return of a felony indictment. *See Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim.App.1980). The attachment of jurisdiction in the district court conveys upon that court the power to determine all essential questions "and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law." *Id.* at 527–28. A court's having possession and jurisdiction of a case, that jurisdiction embraces everything in the case and every question arising which can be determined in the case, until it reaches its termination and the jurisdiction is thereby exhausted. *Garcia*, 596 S.W.2d at 528.

Here the agreement envisioned a delay between the guilty plea and the punishment hearing so that appellant could work with law enforcement. The agreement stated that either party could have the case set for punishment upon request. Because the trial court had jurisdiction over appellant it could hold a punishment hearing and sentence him according to law upon the request of either party. We are aware of no case which holds that a trial court loses jurisdiction over the defendant due to a delay between the arrest and punishment hearing or a delay between the plea and the punishment hearing, especially when the defendant has agreed to work as a confidential informant. We hold that the trial court did not lose jurisdiction to sentence appellant. We overrule the first issue.

■ By his second issue appellant asserts that the trial court lacked jurisdiction to sentence him to a term and condition of community supervision which required him to work as a confidential informant. Appellant agreed to work as a confidential informant, and the record does not show that the trial court placed him on community supervision. We overrule the second issue.

### B. *Speedy Trial*

■ By issue three appellant asserts that he was denied a speedy trial. Speedy trial analysis requires us to examine four factors: (1) length of delay; (2) reason for delay; (3) assertion of the right; and (4) prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). We address these factors separately.

#### 1. Length of Delay

■ We must find the delay presumptively prejudicial before analyzing the remaining *Barker* factors. *Barker*, 407 U.S. at 530, 92 S.Ct. 2182. Presumptive prejudice does not necessarily indicate a

statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry. *Doggett v. United States*, 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *State v. Munoz*, 991 S.W.2d 818, 821–22 (Tex.Crim. App.1999). We measure the delay from the time the defendant is formally accused or arrested to the time of trial. *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The court of criminal appeals has said that a delay of eight months is presumptively unreasonable and prejudicial. *Harris v. State*, 827 S.W.2d 949, 956 (Tex.Crim.App. 1992). Here a delay of approximately fifty months occurred between the arrest and the punishment hearing. This delay triggers our consideration of the remaining *Barker* factors.

### · 2. Reason for Delay

■■■ The State has the burden to prove a reason for the delay. *State v. Flores*, 951 S.W.2d 134, 137 (Tex.App.-Corpus Christi 1997, no pet.). Under *Barker* "different weights should be assigned to different reasons" for the delay, *Barker*, 407 U.S. at 531, 92 S.Ct. 2182, and a "deliberate attempt to delay the trial" weighs heavily against the State. *Id.* We consider whether the delay was due to deliberate attempts to hamper the defense or justified circumstances. *Crowder v. State*, 812 S.W.2d 63, 66 (Tex.App.-Houston [14th Dist.] 1991, pet. ref'd). Here the delay resulted from three sources: (1) appellant's work as an informant; (2) appellant filed at least three motions for continuance;[2] and (3) the State filed one motion for continuance, asking the court to continue the case from June 6, 2000 to July 11, 2000. Although the State did not give a reason for the continuance there is no evidence to show that the State's intent was to prejudice appellant. We conclude that the delay should not · be weighed against the State.

### 3. Assertion Of The Right

■■■ Under *Barker* a defendant is responsible for asserting or demanding his right to a speedy trial. *Barker*, 407 U.S. at 528–29, 92 S.Ct. 2182. A defendant's assertion of this right is entitled to strong evidentiary weight. *Id.* at 531, 92 S.Ct. 2182. Here the record does not show that appellant asserted his right to a speedy trial. Failure to assert the right will make it difficult to prove that the accused was denied a speedy trial. *Guajardo v. State*, 999 S.W.2d 566, 570 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd); *Floyd v. State*, 959 S.W.2d 706, 710 (Tex.App.-Fort Worth 1998, no pet.). We conclude that factor three weighs against appellant.

### 4. Prejudice To The Accused

■■■ We assess prejudice "in the light of the interests"·which "the speedy trial right [is] designed to protect." *State v. Munoz*, 991 S.W.2d 818, 826 (Tex.Crim. App.1999) (quoting *Barker*, 407 U.S. at 532–33, 92 S.Ct. 2182). These interests are: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532–33, 92 S.Ct. 2182; *Munoz*, 991 S.W.2d at 826. Of these subfactors "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Munoz*,

---

**2.** The first motion for continuance was filed on December 15, 1997, the second on August 20, 1999, and the third on August 22, 2000.

991 S.W.2d at 826 (quoting *Barker*, 407 U.S. at 532–33, 92 S.Ct. 2182).

A defendant has the burden to make some showing of "prejudice" although a showing of " 'actual prejudice' " is not required. *Munoz*, 991 S.W.2d at 826 (quoting *Harris v. State*, 489 S.W.2d 303, 308 (Tex.Crim.App.1973)). When a defendant makes a "prima facie showing of prejudice," the State carries " 'the obligation of proving that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay.' " *Munoz*, 991 S.W.2d at 826 (quoting *Ex parte McKenzie*, 491 S.W.2d 122, 123 (Tex. Crim.App.1973)).

Appellant does not complain that he suffered oppressive pretrial incarceration, and it appears from the record that he was in jail only a short time before posting bond. We conclude that he experienced no oppressive pretrial incarceration.

The United States Supreme Court has recognized that even if not detained prior to trial, one awaiting trial on criminal charges suffers restraints on his liberty and lives "under a cloud of anxiety, suspicion, and often hostility." *Barker*, 407 U.S. at 533, 92 S.Ct. 2182. Here appellant does not argue that he suffered anxiety. Nevertheless considering the severity of the charge against him, a certain amount of anxiety while awaiting trial is to be expected. *See Thompson v. State*, 983 S.W.2d 780, 785 (Tex.App.-El Paso 1998, pet. ref'd). The delay gave him time to work as a confidential informant, which under the agreement could have resulted in him receiving community supervision rather than a prison sentence. Consequently any claim of prejudice must rest primarily on the possibility that the delay impaired his defense. Nothing in the record shows that the delay impaired appellant's defense. However in some instances "excessive delay presumptively compro-

mises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett v. United States*, 505 U.S. 647, 655, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). In *Doggett* the accused failed to make any affirmative showing that a six-year-delay weakened his ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence. *Id.* The government argued that the absence of such evidence defeated the accused's speedy-trial claim. *Id.* Disagreeing with the government the Court noted that consideration of prejudice is not limited to the specifically demonstrable, and affirmative proof of particularized prejudice is not essential to every speedy-trial claim. *Id.* As recognized in *Barker v. Wingo* impairment of one's defense is the most difficult form of prejudice to prove. *Doggett*, 505 U.S. at 655, 112 S.Ct. 2686. Thus the Court concluded that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or identify. *Doggett*, 505 U.S. at 655, 112 S.Ct. 2686. While such presumptive prejudice is, standing alone, insufficient to carry a speedy-trial claim, courts must consider it along with the other relevant criteria, keeping in mind that its importance increases with the length of delay. *Doggett*, 505 U.S. at 655–56, 112 S.Ct. 2686.

Here the delay of approximately fifty months is far less than the six-year-delay in *Doggett* and is comparable to the approximate four-year delay in *Phipps v. State*, 630 S.W.2d 942, 946–47 (Tex.Crim. App.1982) (accused not denied Sixth Amendment right to speedy trial even though there was a delay of four years and two months from the time of first arrest to time of trial). Thus the delay in this case was not excessive, and therefore, did not presumptively compromise the reliability of the trial in ways that neither party can prove or identify. Accordingly we may not

hold that the length of the delay alone amounted to prejudice. *See Harlan v. State*, 975 S.W.2d 387, 391 (Tex.App.-Tyler 1998, pet. ref'd). We conclude that any prejudice in this case was minimal. *See Barker*, 407 U.S. at 534, 92 S.Ct. 2182 (prejudice was "minimal" when defendant lived "for over four years under a cloud of suspicion and anxiety" and spent "ten months in jail before trial," and the record indicated "only two very minor lapses of memory" which "were in no way significant to the outcome").

### Balancing The *Barker* Factors

Appellant did not assert his right to a speedy trial. The delay was presumptively prejudicial, but not excessive. Appellant was not oppressed by pretrial incarceration and has not shown that the delay has impaired his defense. Though appellant was under a certain amount of anxiety while waiting for his punishment hearing this is insufficient to cause the prejudice prong to weigh in appellant's favor. Nothing in the record shows that the State deliberately delayed appellant's punishment hearing. Further the prejudice suffered by appellant was minimal, and he suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay. We hold that appellant was not denied a speedy trial. We overrule the third issue.

### C. *Due Diligence*

By issue four appellant asserts that the State did not use due diligence in revoking his community supervision. The trial court did not place appellant on community supervision. We overrule issue four.

### D. *Due Process of Law*

By his fifth issue appellant argues that he was denied due process of law because of the twenty-eight month delay between the guilty plea and the punishment hearing. In *Ex parte Montgomery*, 894 S.W.2d 324 (Tex.Crim.App.1995) the court stated that in a procedural due process analysis "[t]he reviewing court must determine whether a protected liberty or property interest exists and, if so, decide whether sufficient procedural safeguards are employed to assure the deprivation of that interest is not arbitrary." *Id.* at 327. Because the agreement stated that appellant could request the trial court to set this case for a sentencing hearing we hold that a sufficient procedural safeguard was used to assure that the deprivation of any protected liberty or property interest was not arbitrary. We overrule the fifth issue.

We AFFIRM the trial court's judgment.