DAVIES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-014-CR

ADAM RICHARD DAVIES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Adam Richard Davies appeals his conviction for driving while intoxicated (DWI) and sentence of 180 days confinement probated for two years, and $500 fine.  In two points, appellant asserts that (1) the trial court abused its discretion and violated his right to a fair and impartial trial by ordering a continuance during trial and (2) violated his right to a speedy trial.  We affirm. 

II.  Background Facts

At 3:30 a.m. on November 28, 2003, Officer Jeremy Sanchez stopped appellant after clocking appellant’s vehicle at approximately twenty-five miles-per-hour over the speed limit.  Officer Sanchez believed that appellant had been drinking and administered field sobriety tests, which appellant failed. Consequently, on December 19, 2003, the State charged appellant with DWI.  On September 6, 2005, the voir dire for appellant’s trial began; the State and appellant agreed on six jurors and chose no alternates.

The guilt-innocence phase of appellant’s trial began on September 7, 2005, and adjourned that evening after the State rested.  On September 8, 2005, the proceedings resumed, and the trial court learned that a juror’s medical condition (kidney stones) prevented his service.  In response to the juror’s absence, the trial court released the jury, informed them that they would reconvene on Tuesday or Wednesday of the following week, and issued a sua sponte order for continuance until the case could reasonably be completed with all jurors.

After the jury was excused, appellant’s trial counsel notified the trial court of scheduling conflicts on both Monday and Wednesday of the following week. Then, on September 12, 2005, appellant filed a motion to oppose the continuance, and on October 7, 2005, appellant filed a motion to dismiss for failure to provide a speedy trial.  The trial court denied the motions without a hearing on October 11, 2005.

On October 13, 2005, the trial resumed before the original six jurors.  On October 14, 2005, the jury found appellant guilty of DWI, and the trial court sentenced him accordingly.

III.  Appellant’s Right to a Fair and Impartial Trial Claim

In his first point, appellant argues that the trial court abused its discretion and violated his right to a fair and impartial trial by ordering a sua sponte continuance.

A.  Standard of Review

The standard of review for a trial court’s ordering of a continuance or recess is abuse of discretion.  
Hoppes v. State
, 725 S.W.2d 532, 534-35 (Tex. App.–Houston [1st Dist.] 1987, no pet.).  A trial court abuses its discretion when it acts arbitrarily or unreasonably.  
Gregg v. State
, 881 S.W.2d 946, 951 (Tex. App.–Corpus Christi 1994, pet. ref’d).

B.  Applicable Law and Analysis

Appellant’s first point arises from the trial court’s decision to recess the case for thirty-one days after learning that a juror had become ill and was suffering from kidney stones.  Appellant argues that the continuance was invalid because neither he nor the State requested it.  Appellant also contends that the trial court’s own “motion for continuance was made for the purpose of delay and not so that justice could be done.”  We disagree.

A trial court necessarily has broad discretion to deal with the many unexpected situations that arise during trial.  
See Johnson v. State
, 583 S.W.2d 399, 405 (Tex. Crim. App. [Panel Op.] 1979); 
Hoppes
, 725 S.W.2d at 534-35.  A judge has only his common sense to guide him when a juror succumbs to a temporary illness or other life-altering event.  
See Johnson
, 583 S.W.2d at 405
 
(holding that a judge properly recessed trial for two days when a juror’s grandson died).  The trial court’s sua sponte continuance in this case resulted in a separation of the jury, but article 35.23 of the Texas Code of Criminal Procedure provides that the trial court may on its own motion order the jury to be separated before the charge is read.  
Tex. Code Crim. Proc. Ann.
 art. 35.23 (Vernon 2006).

Here, the trial court separated the jury after the presiding juror became ill, but before the court recessed.  Moreover, neither party objected to the jury separating.  On September 8, 2005, immediately after recessing the jurors, the trial court told the parties that he would grant a mistrial if the sick juror did not pass his kidney stones by the following Tuesday.  Then, after determining that he lacked authority to declare a sua sponte mistrial without a motion from the parties, the trial court granted a sua sponte continuance to delay the trial until it could “reasonably be completed with all the jurors available.”

There is no evidence in the record as to when the sick juror passed his kidney stones.  However, the trial court could have realized that kidney stones are a temporary illness, and the presiding juror’s absence would be, at the most, a few days.  Additionally, there is evidence that another juror had to make a trip to Mexico during the week after September 8, 2005.  There is nothing in the record to indicate if this was the reason why the trial did not resume during the week after September 8, 2005, or if the delay was due to scheduling conflicts.  However, there is evidence that the trial court did not act arbitrarily or unreasonably when granting the sua sponte continuance.  
See Johnson
, 583 S.W.2d at 405
.  
Therefore, because the trial court did not abuse its discretion in ordering the continuance, we overrule appellant’s first point.

IV.  Appellant’s Right to Speedy Trial Claim

In his second point, appellant contends that because of the one-month delay of trial, a key witness became unavailable.  Therefore, appellant argues, the delay was prejudicial and violated his right to a speedy trial.

A.  Standard of Review and Applicable Law

According to both the United States Constitution and the Texas Constitution, every person shall have the right to a speedy trial.  
U.S. Const. 
amend. VI; 
Tex. Const. 
art. I, § 10.  These two rights are independent of each other; however, the four-factor 
Barker 
test is applied to both in determining whether those rights were violated.  
Barker v. Wingo
, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972).

The four factors to be weighed are (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant resulting from the delay.  
Id.  
These factors are balanced and considered together, and no one factor alone is a necessary or sufficient condition to a finding that the right has been violated.  
Id.
 at 533, 92 S. Ct. at 2193; 
Johnson v. State
, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997).  We review the trial court’s decision using a bifurcated standard of review:  reviewing factual components of the trial court’s decision for an abuse of discretion, and conducting 
Barker’s
 balancing test de novo.  
See Zamorano v. State
, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002); 
State v. Jones
, 168 S.W.3d 339, 345 (Tex. App.—Dallas 2005, pet. ref’d).  

B.  Analysis

In this case, the offense occurred on November 28, 2003.  The State charged appellant with DWI on December 19, 2003.  Although the voir dire for appellant’s trial did not begin until September 6, 2005, appellant did not assert his right to a speedy trial at any point prior to trial.

The guilt-innocence phase of appellant’s trial began on September 7, 2005, and adjourned that evening after the State rested.  On September 8, 2005, the trial court learned that a juror’s illness prevented his service.  In response, the trial court recessed the jury, informed them that they would reconvene on Tuesday or Wednesday of the following week, and issued a sua sponte order for continuance until the case could reasonably be completed with all jurors.  Appellant did not object to the separation of the jury or assert his right to a speedy trial at this point either.  On the contrary, after the jury was excused, appellant’s trial counsel notified the trial court of scheduling conflicts on both Monday and Wednesday of the following week.

On September 12, 2005, appellant filed a motion to oppose the continuance.  It was not until October 7, 2005 that appellant filed a motion to dismiss for failure to provide a speedy trial.  The trial court denied both motions without a hearing on October 11, 2005.  On October 13, 2005, the trial resumed before the original six jurors.  With these facts in mind, we turn to the balancing test set out in 
Barker
.  
Barker
, 407 U.S. at 530, 92 S. Ct. at 2192.

1.  Length of Delay

The first of the 
Barker 
factors, the length of the delay, is measured from the time the defendant is arrested or formally accused.  
United States v. Marion
, 404 U.S. 307, 321 n.12, 92 S. Ct. 455, 463 n.12 (1971).  No further inquiry is necessary unless the length of delay was long enough to be presumptively prejudicial.  
Barker
, 407 U.S. at 530, 92 S. Ct. at 2192.  Generally, any delay longer than eight months is presumptively unreasonable and provokes a speedy trial analysis.  
See Harris v. State
, 827 S.W.2d 949, 956 (Tex. Crim. App.), 
cert. denied
, 506 U.S. 942 (1992).  

Appellant argues that the time between formal accusation and trial, December 2003 to September 2005, coupled with the one-month delay during trial is “presumptively prejudicial.”  We agree.  The delay in this case was sufficient to trigger a speedy trial analysis.  
See Shaw v. State
, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003) (holding that generally, a delay approaching one year is sufficient to trigger a speedy trial inquiry); 
Jones
, 168 S.W.3d at 347 (same).  We conclude that this factor weighs against the State.

2.  Reason for the Delay

In assessing the second of the 
Barker 
factors, we are mindful that the primary burden is on the prosecutor and the courts to ensure that a defendant is speedily brought to trial.  Thus, the State has the initial burden of justifying a lengthy delay.  
Barker
, 407 U.S. at 530, 92 S. Ct. at 2192.  For example, a deliberate attempt to delay trial in order to hamper the defense weighs heavily against the State.  
Id. 
at 531, 92 S. Ct. at 2192.  However, a more neutral reason such as negligence or overcrowded courts is weighed less heavily.  
Id.
   Here, nothing in the record explains the reason for the length of time between the formal accusation and trial.  However, appellant’s argument does not center on that period of time; appellant instead argues that a one-month delay 
during 
trial is uncommonly long.  In this case, a juror’s temporary illness demanded that the trial court release the jury.  Appellant did not object when the trial court instructed the jury that they would recess until September 12 (the following week).  Further, when the jury was recessed, and the trial court attempted to reset the trial date, appellant’s trial counsel notified the trial court of a scheduling conflict on both Monday and Wednesday of the following week. 

The one-month delay caused by a juror’s temporary illness and scheduling conflicts was unforeseeable and could not have been anticipated; it was neither the fault of the trial court, the State, nor the defendant.  However, the delay from arrest to trial was uncommonly long and was presumptively attributable to the State’s negligence in bringing the case to trial so late.  Because of this unreasonable delay, we conclude that this factor weighs against the State.   

3.  Assertion of the Right

Whether and how a defendant asserts his speedy trial right is closely related to the other three factors because the strength of his efforts will be shaped by them.  
Id.
 at 531-32, 92 S. Ct. at 2192-93; 
Jones
, 168 S.W.3d at 348. 
 Therefore, the defendant’s assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right.  
Barker
, 407 U.S. at 531-32, 92 S. Ct. at 2192-93.  Although a defendant’s failure to seek a speedy trial does not amount to a waiver of his right, failure to seek a speedy trial makes it difficult for a defendant to prevail on a speedy trial claim.  
See id. 
 The longer the delay, the more likely it is that a defendant who really wanted a speedy trial would take some action to obtain one.  
Id.
  Thus, a defendant’s inaction weighs more heavily against a speedy trial violation the longer the delay becomes.  
Id
.  And, seeking a dismissal instead of a speedy trial can weaken a speedy trial claim because it shows a desire to have no trial rather than a speedy trial.  
See Zamorano
, 84 S.W.3d at 651 n.40.

 Here, appellant did not file a motion affirmatively requesting a speedy trial in the twenty-two months after he was arrested.   Instead, appellant waited until after the State had presented it’s case against him before asserting his right to a speedy trial.  And even then, appellant filed a motion to dismiss in which the only relief sought was dismissal of the case.  Considering appellant’s inaction and that his first request was for a dismissal rather than for a speedy trial, we conclude that this factor weighs heavily against appellant. 
 See id.  

4.  Prejudice Caused by the Delay

We assess the final factor of “prejudice” in light of the interests the speedy trial right was intended to protect.  
Barker
, 407 U.S. at 532, 92 S. Ct. at 2193.  Those interests are (1) to prevent oppressive pretrial incarceration, (2) to minimize the accused’s anxiety and concern, and (3) to limit the possibility the defense will be impaired.  
Id
.  The defendant bears the initial burden of establishing prejudice.  
Emery v. State
, 881 S.W.2d 702, 709 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1192 (1995).

According to appellant, the delay caused him to be unable to call a favorable witness.  When the defendant’s prejudice is based upon the unavailability of a witness, the defendant must show (1) that the witness was unavailable when he was tried, (2) that his testimony may be relevant and material to his defense, and (3) that due diligence was exercised in locating the witness.  
McCarty v. State
, 498 S.W.2d 212, 218 (Tex. Crim. App. 1973); 
Clarke v. State
, 928 S.W.2d 709, 716 (Tex. App.—Fort Worth 1996, pet. ref’d).   

At trial, appellant asserted that an alleged favorable witness became unavailable after the jury reconvened on October 13, 2005 because the witness was called to active duty with the United States Armed Forces.  After appellant made this assertion, the trial court moved on to discuss other matters without further discussion about the missing witness and ultimately denied appellant’s renewed motion to dismiss.  At no time did appellant attempt to introduce evidence showing that the witness was unavailable or that he had made diligent attempts to contact him.   Because this information is not in the record, appellant failed to meet prongs one and three of the 
McCarty 
test.  
See McCarty
, 498 S.W.2d at 218. 

Appellant also failed to demonstrate the materiality and relevance of the witness’s testimony.  At trial, the State asked Officer Sanchez why he did not release appellant’s vehicle to the passenger after arresting appellant, and Officer Sanchez answered that he remembered the passenger to be intoxicated.  At this point, the trial court sustained appellant’s timely objection to relevance and instructed the jury to disregard “anything about the passenger.”  
The core of appellant’s argument on this issue is that the witness would testify that he, as a passenger in appellant’s vehicle, was sober.  Appellant only asserts that the missing witness would have impeached Officer Sanchez by countering the assertions that he (the witness) was intoxicated.  However, upon appellant’s own objection at trial, testimony regarding the witness’s sobriety was deemed irrelevant.  

Because appellant failed to prove all three of the subfactors necessary to establish prejudice based upon the unavailability of a witness, the fourth 
Barker
 factor weighs heavily against him.  
Barker
, 407 U.S. at 532, 92 S. Ct. at 2193; 
McCarty
, 498 S.W.2d at 218.  

5.  Balancing the Four Factors

We conclude that the first two factors weigh in favor of appellant, but the last two factors weigh heavily against appellant.  Thus, we agree with the trial court that appellant was not deprived of his right to a speedy trial, and we conclude the trial court properly denied appellant’s motion to dismiss.  Accordingly, we overrule appellant’s second point.  

V.  Conclusion

Having overruled appellant’s two points, we affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 21, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.