**Cecilia Renee JOHNSON, Appellant,**

v.

**The STATE of Texas.**

No. 1114–96.

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1997.

John D. Gates, El Paso, Tomi Rachel Matthews, Legal Services, Huntsville, for appellant.

John L. Davis, Asst. Dist. Atty., El Paso, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge.

A jury convicted appellant of murder and the trial court assessed punishment at confinement for fifteen years. In a published opinion, the Eighth Court of Appeals in El Paso reversed Appellant's conviction. It held that Appellant's constitutional right to a speedy trial had been violated. *Johnson v. State*, 925 S.W.2d 350 (Tex.App.—El Paso, 1996). We granted the State's petition to determine whether the Court of Appeals was correct in its determination. We will reverse.

Appellant was arrested on May 31, 1992 for the stabbing death of her husband. Initially, the State indicted appellant for the offense of murder. On the morning of trial, the State dismissed the murder indictment and re-indicted Johnson for criminally negligent homicide. The State then dismissed the criminally negligent homicide indictment—this time two days before trial was scheduled to begin—and re-indicted appellant for murder. Appellant's murder trial began January 23, 1995.

Twenty days before trial, appellant filed a motion to dismiss for denial of a speedy trial. The trial court denied appellant's motion and she appealed. The Court of Appeals found that appellant had in fact been denied a speedy trial and reversed and remanded the case with instructions to enter an order of acquittal. The State now petitions this court for review of that decision.

### I. STANDARD OF REVIEW

■ In its third ground of error, the State asks us to determine the proper appellate standard for reviewing a trial court's ruling on a motion for speedy trial.[1] It suggests that courts of appeals ought to review the trial court's decision under an abuse of discretion standard, rather than reviewing the record *de novo*. In support of its contention, the State cites many courts of appeals cases that have reviewed speedy trial rulings with

an abuse of discretion standard. *See State v. Perkins*, 911 S.W.2d 548, 551 (Tex.App.—Fort Worth 1995, no pet.); *State v. DeBlanc*, 858 S.W.2d 19, 21–22 (Tex.App.—Beaumont 1993, no pet.) *State v. Kuri*, 846 S.W.2d 459, 466–67 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *State v. Hernandez*, 830 S.W.2d 631, 635 (Tex.App.—San Antonio 1992, no pet.); *State v. Owens*, 778 S.W.2d 135, 138 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

Appellant points us to cases in which the subtle language employed suggests that a court of appeals should review the record *de novo*. *Emery v. State*, 881 S.W.2d 702, 708 (Tex.Crim.App.1994) ("[t]he reviewing court must consider four factors ..." ); *Phillips v. State*, 650 S.W.2d 396, 399 (Tex.Crim.App. 1983)("we employ a balancing test ..."). Although this Court has arguably implied that *de novo* is proper in this situation, we have never expressly said so. Nor have we expressly accepted or rejected an abuse of discretion standard.

■ When analyzing a trial court's decision to grant or deny a speedy trial claim, a reviewing court must balance four factors. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116–17 (1972). They are (1) the length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. *Id.* Review of these individual factors necessarily involves fact determinations and legal conclusions. The balancing test as a whole, however, is a purely legal question. Legal questions are reviewed *de novo*. *Villarreal v. State*, 935 S.W.2d 134, 138 n. 3 (Tex.Crim.App.1996)(plurality); *Id.* at 145 (Keller, J., concurring). Therefore, the Court of Appeals acted properly in conducting a *de novo* review of appellant's speedy trial claim.

### II. THE THIRD *BARKER* FACTOR

■ In its first and second grounds of error, the State takes issue with the Court of

---

1. The State's grounds of error three is:
   (3) Can a Court of Appeals conduct a *de novo* review of a defendant's speedy trial claim instead of conducting a review based on whether the trial court abused its discretion in applying the *Barker* analysis?

Appeals' analysis of the third *Barker* factor.[2]

In its opinion, the Court of Appeals correctly notes that whether a defendant has been deprived of his right to a speedy trial is determined by the four-part balancing test of *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d. at 116–17 (1972). In performing part three of its balancing act, i.e. analyzing assertion-of-the-right, the Court of Appeals in this case determined that appellant failed to assert persistently her right to a speedy trial. Still, the court did not weigh this factor against appellant, but rather implicitly counterbalanced the failure to assert with the community's right to a speedy trial:

> [W]e bear in mind that speedy trial is not an individual right of the defendant alone, but is also *a right possessed by society as a whole*. We must give deference to the "social interests in providing a speedy trial which exists separate from, and in times in opposition to, the interests of the accused." *See Ramirez [v. State]*, 897 S.W.2d [428] at 437[(Tex.App.—El Paso 1995)] (J. Chew, dissenting) . . . *The accused has a right to speedy trial, but so does the community;* the community's interest is not dependent upon an assertion of the right by a defendant. For that reason, we do not necessarily weigh this factor in favor of the State, even where defendant has not stridently and repeatedly asserted her individual right to speedy trial.
>
> (emphasis added). *Johnson,* 925 S.W.2d at 354.

### A. Community Right Versus Community Interest

The Court of Appeals recognized a community right to a speedy trial based on the *Barker* Court's acknowledgment of a community interest in a speedy trial. In addition to the four balancing factors, the *Barker*

Court recognized a community interest in a speedy trial. *Barker* 407 U.S. at 519–520, 92 S.Ct. at 2186, 33 L.Ed.2d at 110–111. The Court acknowledged that lack of a prompt trial contributes to a large backlog of cases; that persons released on bond for lengthy periods awaiting trial have an opportunity to commit other crimes; that the longer an accused is free awaiting trial, the more tempting becomes his opportunity to jump bail and escape; that delay between arrest and punishment may have a detrimental effect on rehabilitation; that confining accused persons who cannot make bail in jails contributes to overcrowding; that lengthy exposure to such conditions has a destructive effect on human character; and that lengthy pretrial detention is costly. *Id.*

The *Barker* Court did not, however, acknowledge a community *right* to a speedy trial. We recognize the societal impact of those concerns voiced in *Barker, supra,* but the community does not have a right to demand a speedy trial in any given case. In other words, a community *interest* in a speedy trial exists, but there is no community *right* to a speedy trial in a specific instance. The four *Barker* balancing factors are in place to ensure that an individual defendant's Sixth Amendment right to a speedy trial is not violated. There is no equivalent community right. It was improper for the Court of Appeals to recognize such a right in the present case.[3]

### B. The Balancing Test

■ The four part balancing test of *Barker* is intended to be nonexclusive:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather,

---

2. The State's first and second grounds of error concern the community's right in determining the assertion-of-the-right factor:

    1. Is there a cognizable constitutional right to a speedy trial in the "community" under the Sixth Amendment?

    2. Can a court of appeals supplant the assertion-of-the-right factor in the *Barker* Sixth Amendment speedy trial analysis?

3. Because the Court of Appeals abstractly referred to the "community right" to a speedy trial and also seems to interchange meanings of "right" and "interest", it is arguable that the Court of Appeals did not attempt to create a "community right." Therefore, in addition to refuting the creation of a "community right" to a speedy trial, we address the Court of Appeals' use of the concept, generally. Further, having found no "right" exists, we use only the term "interest" in our discussion.

they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process . . .

*Barker* 407 U.S. at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118–19.

The *Barker* test contemplates that every case will be different and that the balancing test will have to be conducted according to the unique facts of each case.[4] Further, the Supreme Court has structured a test that is fluid enough to take into account many factors depending on the combination of facts that unfolds. At least two of the factors—reason for delay and prejudice—are particularly susceptible to fact-rich scenarios. In any event, factors other than those enumerated may be considered depending on the circumstances of a case.

■ It may, then, in some circumstances be proper to consider certain community interests in conducting a *Barker* balancing test.[5] For example, in *Chapman v. Evans*, 744 S.W.2d 133, 137 (Tex.Crim.App.1988) the defendant's delayed trial was due to the trial court's "attempt to dispose of the backlog of criminal cases" pending in his district. *Id.* at 136. We weighed that factor and opined that "overcrowded trial dockets alone cannot justify the diminution of the criminal defendant's right to a speedy trial." Overcrowded trial dockets was one of the community interests listed by the Supreme Court in *Barker*. *Barker*, 407 U.S. at 519, 92 S.Ct. at 2186, 33 L.Ed.2d at 111. Thus, we considered a specific, applicable community interest while weighing the reason-for-delay factor. In that instance, it was proper to do so because, although a community interest, it uniquely affected the accused's case.

The possibilities that a specific community interest will somehow find its way into one or more of the *Barker* factors are seemingly endless. Moreover, the test allows a rele-

vant circumstance that does not fall into one of the factors to be considered because the factors are non-exclusive. Therefore, the balancing test provides for all of the facts that may be relevant to determining whether the right to a speedy trial has been violated. It includes, generally, all of those community interests listed in *Barker* (and others that are not listed). Because the balancing test as a whole provides for virtually any specific community interest, it subsumes the general concept of community interest.

At the same time, however, it is improper to consider the abstract or general notion of community interest as a factor in a *Barker* analysis. For one thing, the test is fluid and does not accommodate constants. It envisions *ad hoc* application. Further, it is intended only to weigh the conduct of the participants: "the approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker*, 407 U.S. at 530, 92 S.Ct. at 2191–2192, 33 L.Ed.2d at 116–117. The role a specific community interest could play in the conduct of the prosecution or defendant is sufficiently provided for in the test. The abstract, conglomerate notion of community interest, however, does not directly affect such conduct. As such it is improper to consider the abstract notion as a factor in the test.

In the present case the Court of Appeals makes no showing of any need to balance a specific community interest within the assertion-of-the-right factor. It abstractly refers to giving deference to "social interests" and the community's right. For the reasons set forth in our discussion, *supra*, it was improper to balance the abstract concept of community interest in weighing the third *Barker* factor.

We hold that the Court of Appeals erred in (1) recognizing a "community right" to a speedy trial and (2) considering the concept of community interest in the abstract during its analysis of the third *Barker* factor. The

---

4. Further support for this notion may be found in the fact that the Court rejected the demand-waiver rule as too rigid. It is clear that the test is meant to be flexible.

5. Our determination that, under certain circumstances, it may be proper to consider community interests in no way affects our holding that there is no such thing as a "community right" to a speedy trial.

State's fourth ground of error is dismissed without prejudice.[6] We reverse and remand this cause to the Court of Appeals in order to analyze appellant's speedy trial claim in a manner consistent with this opinion.

OVERSTREET and MEYERS, JJ., concur in the result.

---

**6.** In its fourth ground, the State suggests that the Court of Appeals failed to consider all relevant evidence and that it failed to afford proper deference to the trial court:

(4) Did the El Paso Court of Appeals consider all relevant evidence in the record and afford proper deference to the trial court as primary

factfinder in holding that appellant's constitutional right to a speedy trial was violated? Because the Court of Appeals' application of the balancing test itself is flawed, and we reverse, in part on that basis, we feel that addressing the State's fourth ground of error would be premature.