# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00590-CR

**Alexander Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-05-302111, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Alexander Johnson guilty of aggravated assault and family violence assault, for which the district court assessed prison terms of twenty and ten years, respectively. *See* Tex. Penal Code Ann. §§ 22.01(a)(1), (b)(2), 22.02(a)(2) (West Supp. 2006). In his only point of error, appellant contends that he was denied his constitutional right to a speedy trial. We will overrule this contention and affirm the convictions.

In determining whether a defendant has been denied a speedy trial, a court must balance four factors: length of the delay, reason for the delay, assertion of the right, and prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). The application of these factors is a legal question subject to de novo review. *Johnson*, 954 S.W.2d at 771.

Appellant was arrested on September 28, 2005, and his trial began on August 14, 2006. A delay approaching one year is generally long enough to trigger a full speedy trial analysis. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).

On March 22, 2006, appellant filed a motion for speedy trial. On several occasions thereafter, both parties announced ready, but the cause was not tried because of the trial court's crowded docket. Thus, the record shows that appellant asserted his right to a speedy trial, a factor that weighs in his favor. *Zamorano v. State*, 84 S.W.3d 643, 651 (Tex. Crim. App. 2002). The reason for the delay was an overcrowded court docket, a factor that weighs against the State, but not heavily. *Id.* at 649.

The critical factor in this case is prejudice, and specifically appellant's contention that the delay resulted in the loss of a witness critical to his defense. To claim prejudice as a result of a missing witness, the defendant must show that the witness was unavailable at the time of his trial, the witness's testimony was relevant and material to his defense, and he exercised due diligence in attempting to locate the witness. *McCarty v. State*, 498 S.W.2d 212, 218 (Tex. Crim. App. 1973); *Clarke v. State*, 928 S.W.2d 709, 716 (Tex. App.—Fort Worth 1996, pet. ref'd).

The alleged missing witness was Tiffany Harris. At the hearing on his motion to dismiss, appellant testified that Harris, a close friend, could testify to the complaining witness's bad character and to the true manner in which the complainant's injuries had been inflicted. Appellant said that Harris had been available to testify at the earlier trial settings but had since moved without telling him or leaving a forwarding address. However, during cross-examination, appellant said that the last time he spoke to Harris was in November 2005, which was before the first trial setting and

2

appellant's announcement of ready. When appellant was asked if he ever told his attorney about this important witness, he answered, "At times." Appellant conceded that he never gave his attorney Harris's address or telephone number; he said that he never knew Harris's address and that he gave her telephone number to his mother. Appellant also conceded that no subpoena was issued for Harris's appearance at any prior trial setting; he said that no subpoena was needed. Appellant did not describe any efforts he had made to locate Harris since her move. We conclude that appellant's testimony does not show that he exercised due diligence to locate the witness or otherwise secure her testimony at his trial.

Harris's importance as a witness is also open to question. The complainant testified that there were two witnesses to the assault: a man named DJ and his girlfriend, Keisha. There is no explanation in the record as to why appellant could not call them as witnesses to contradict the complainant's testimony. Appellant's mother did offer contradictory testimony. She testified that on the day of the alleged assault, the complainant told her that her injuries had been inflicted during a fight she had with other dancers at the club in which she worked.

In summary, the evidence shows that despite appellant's request for a speedy trial and both parties' readiness for trial, appellant's trial was delayed several times due to an overcrowded court docket. Nevertheless, appellant was tried less than one year following his arrest. Most importantly, appellant's claim of prejudice arising from the delay was undermined by his failure to show due diligence in seeking to locate the alleged missing witness, whose testimony does not appear to have been crucial to his defense. On balance, we conclude that appellant's constitutional right to a speedy trial was not violated.

3

The point of error is overruled, and the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed:   August 15, 2007

Do Not Publish