**Opinion filed May 27, 2010**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-09-00087-CR**

_____

**STATE OF TEXAS, Appellant**

**V.**

**CHELSEA AURELEA REEDY, Appellee**

**On Appeal from the County Criminal Court No. 4**

**Denton County, Texas**

**Trial Court Cause No. CR-2008-06123-Y**

**M E M O R A N D U M   O P I N I O N   O N   P E T I T I O N**
**F O R   D I S C R E T I O N A R Y   R E V I E W**

Pursuant to TEX. R. APP. P. 50, our original opinion and judgment dated March 25, 2010, are withdrawn, and the modified opinion and judgment dated May 27, 2010, are substituted therefor.

On December 14, 2007, the non-record municipal court of Northlake in Denton County, Texas, found Chelsea Aurelea Reedy guilty of failure to appear/bail jumping and imposed a $197 fine.[1]  The court advised Reedy that the "judgment date" would be January 9, 2008, and that, to

_____

[1]TEX. PENAL CODE ANN. § 38.10 (Vernon 2003 ) defines the offense and declares it to be a Class C misdemeanor.  The punishment for a Class C misdemeanor is a fine not to exceed $500.  TEX. PENAL CODE ANN. § 12.23 (Vernon 2003).

appeal, she must post a bond twice the amount of her fine within thirty days of this judgment date. Reedy filed an appeal bond on January 11, 2008. On August 13, 2008, the municipal court signed a judgment. On the same date, the court administrator prepared a certified transcript of the proceedings in municipal court. The county court signed an order dismissing the cause on February 23, 2009. We affirm.[2]

TEX. CODE CRIM. PROC. ANN. art. 45.0426 (Vernon 2006) provides that the filing of the appeal bond perfects that appeal from the municipal court to the county court. TEX. CODE CRIM. PROC. ANN. art. 45.043 (Vernon 2006) states that, when the appeal is filed, "all further proceedings in the case in . . . municipal court shall cease." According to the record before us, the municipal court lost jurisdiction on January 11, 2008, when Reedy filed her appeal bond.

The State argues that the county court erred when it sua sponte dismissed this Class C misdemeanor action for speedy trial violations when the issue of a speedy trial was not raised in the municipal court and no record was developed in the municipal court. The State characterizes the action in the county court as an "appeal" and contends that any constitutional violation would have been a right to a speedy appellate review as opposed to trial proceedings. The State concludes that, as there is no constitutional right to a speedy appeal, the trial court erred.

While Article 4.08 and Article 45.0426 provide for review of the decision in a municipal court by the county court by appeal, Article 45.042(b) states that, unless the municipal court is a court of record, the county court shall conduct a trial de novo. We note that the Northlake Municipal Court is not a municipal court of record. Therefore, Reedy's appeal bond triggered a trial de novo or new trial in the county court . TEX. CODE CRIM. PROC. ANN. art. 4.08 (Vernon 2005), arts. 45.042(b), 45.0426 (Vernon 2006).

The county court noted that the provisions of TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(4) (Vernon Supp. 2009) calls for the release of a person confined on a Class C misdemeanor within five days and concluded that such lesser offense as Class C misdemeanors were entitled to "shorter times for rights to invoke delay." The county court then determined that the delay from the

---

[2]Because the fine originally assessed by the municipal court exceeded $100, this court has jurisdiction pursuant to TEX. CODE CRIM. PROC. ANN. art. 4.03 (Vernon 2005).

2

January 11, 2008 appeal bond until the February 23, 2009 hearing resulted in the failure of the State to meet speedy trial requirements.

No testimony was presented at the February 23, 2009 hearing. The county court expressed concern at the delay in bringing the case to trial. Counsel for Reedy made a motion to dismiss for failure of her rights to a speedy trial in the county court, and the county court granted that motion.

The trial court's determination that a defendant's constitutional right to a speedy trial has been violated is subject to appellate review under the standards announced in *Barker v. Wingo*, 407 U.S. 514 (1972); *Cantu v. State*, 253 S.W.3d 273 (Tex. Crim. App. 2008). In *Barker*, the Supreme Court stated that appellate courts must analyze federal speedy trial claims on an ad hoc basis weighing and balancing the length of the delay, the reason for the delay, the defendant's assertion of the right to a speedy trial, and the prejudice to the accused. *Barker*, 407 U.S. at 530; *Cantu*, 253 S.W.3d at 280; *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). Texas constitutional speedy trial claims are traditionally analyzed under the *Barker* test. *Zamorano*, 84 S.W.3d at 648. All of the factors of the *Barker* test must be considered together, no one factor outweighs another. *Barker*, 407 U.S. at 530; *Cantu*, 253 S.W.3d at 280. The appellate court applies a bifurcated standard of review: an abuse of discretion standard of review for the factual components of the *Barker* test and a de novo standard of review for the legal components. *Cantu*, 253 S.W.3d at 282; *Zamorano*, 84 S.W.3d at 648; *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997).

The record before this court reflects that the municipal court lost jurisdiction and the county court gained jurisdiction on January 11, 2008, when Reedy filed her appeal bond and that no action was taken in the county court until the February 23, 2009 hearing where Reedy made a motion to dismiss on violation of her right to a speedy trial. We defer to the trial court's implied findings of fact that the length of delay was from the time of the filing of the bond to the date of the hearing, that Reedy asserted her rights, and that Reedy was prejudiced by the delay. We note that the record is silent as to any reason for the delay. As to the legal components of the *Barker* test, the record supports the legal conclusions that Reedy timely asserted her rights at the hearing, that a delay of eight months resulted in a violation of Reedy's federal and state constitutional rights to a speedy trial on the alleged Class C misdemeanor offense that is punishable by a fine only, and that the eight-month delay resulted in prejudice.

3

The State's arguments are overruled, and the order of the county court is affirmed.

PER CURIAM

May 27, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.