Opinion filed May 27, 2010


 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-09-00087-CR 

                                                     __________

 

                                      STATE
OF TEXAS, Appellant

 

                                                             V.

 

                              CHELSEA
AURELEA REEDY, Appellee



 

                            On
Appeal from the County Criminal Court No. 4

 

                                                           Denton
County, Texas

 

                                           Trial Court
Cause No. CR-2008-06123-Y

 



 

                         M E M O
R A N D U M   O P I N I O N   O N   P E T I T I O N   

                        F O R  
D I S C R E T I O N A R Y   R E V I E W

            Pursuant
to Tex. R. App. P. 50, our
original opinion and judgment dated March 25, 2010, are withdrawn, and the
modified opinion and judgment dated May 27, 2010, are substituted therefor.

            On
December 14, 2007, the non-record municipal court of Northlake in Denton
County, Texas, found Chelsea Aurelea Reedy guilty of failure to appear/bail
jumping and imposed a $197 fine.[1]  The
court advised Reedy that the “judgment date” would be January 9, 2008, and that,
to appeal, she must post a bond twice the amount of her fine within thirty days
of this judgment date.  Reedy filed an appeal bond on January 11, 2008.  On
August 13, 2008, the municipal court signed a judgment.  On the same date, the
court administrator prepared a certified transcript of the proceedings in
municipal court.  The county court signed an order dismissing the cause on
February 23, 2009.  We affirm.[2]

            Tex. Code Crim. Proc. Ann. art. 45.0426
(Vernon 2006) provides that the filing of the appeal bond perfects that appeal
from the municipal court to the county court.  Tex. Code Crim. Proc. Ann. art. 45.043 (Vernon 2006) states
that, when the appeal is filed, “all further proceedings in the case in . . . municipal
court shall cease.”  According to the record before us, the municipal court
lost jurisdiction on January 11, 2008, when Reedy filed her appeal bond.

            The
State argues that the county court erred when it sua sponte dismissed this
Class C misdemeanor action for speedy trial violations when the issue of a
speedy trial was not raised in the municipal court and no record was developed
in the municipal court.  The State characterizes  the action in the county
court as an “appeal” and contends that any constitutional violation would have
been a right to a speedy appellate review as opposed to trial proceedings.  The
State concludes that, as there is no constitutional right to a speedy appeal,
the trial court erred.

While
Article 4.08 and Article 45.0426 provide for review of the decision in a
municipal court by the county court by appeal, Article 45.042(b) states
that, unless the municipal court is a court of record, the county court shall
conduct a trial de novo.   We note that the Northlake Municipal Court is not a
municipal court of record.  Therefore, Reedy’s appeal bond triggered a trial de
novo or new trial in the county court .   Tex.
Code Crim. Proc. Ann. art. 4.08 (Vernon 2005), arts. 45.042(b), 45.0426 (Vernon
2006).

The
county court noted that the provisions of Tex.
Code Crim. Proc. Ann. art. 17.151, § 1(4) (Vernon Supp. 2009) calls
for the release of a person confined on a Class C misdemeanor within five days
and concluded that such lesser offense as Class C misdemeanors were entitled to
“shorter times for rights to invoke delay.”  The county court then determined
that the delay from the January 11, 2008 appeal bond until the February 23,
2009 hearing resulted in the failure of the State to meet speedy trial
requirements.

            No
testimony was presented at the February 23, 2009 hearing.  The county court
expressed concern at the delay in bringing the case to trial.  Counsel for
Reedy made a motion to dismiss for failure of her rights to a speedy trial in
the county court, and the county court granted that motion.

            The
trial court’s determination that a defendant’s constitutional right to a speedy
trial has been violated is subject to appellate review under the standards
announced in Barker v. Wingo, 407 U.S. 514 (1972); Cantu v. State,
253 S.W.3d 273 (Tex. Crim. App. 2008).  In Barker, the Supreme Court
stated that appellate courts must analyze federal speedy trial claims on an ad
hoc basis weighing and balancing the length of the delay, the reason for the
delay, the defendant’s assertion of the right to a speedy trial, and the
prejudice to the accused.  Barker, 407 U.S. at 530; Cantu, 253
S.W.3d at 280; Zamorano v. State, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002).
Texas constitutional speedy trial claims are traditionally analyzed under the Barker
test.  Zamorano, 84 S.W.3d at 648.  All of the factors of the Barker
test must be considered together, no one factor outweighs another.  Barker,
407 U.S. at 530; Cantu, 253 S.W.3d at 280.  The appellate court applies
a bifurcated standard of review:  an abuse of discretion standard of review for
the factual components of the Barker test and a de novo standard of
review for the legal components.  Cantu, 253 S.W.3d at 282; Zamorano,
84 S.W.3d at 648; Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App.
1997).  

            The
record before this court reflects that the municipal court lost jurisdiction
and the county court gained jurisdiction on January 11, 2008, when Reedy filed
her appeal bond and that no action was taken in the county court until the
February 23, 2009 hearing where Reedy made a motion to dismiss on violation of
her right to a speedy trial.  We defer to the trial court’s implied findings of
fact that the length of delay was from the time of the filing of the bond to
the date of the hearing, that Reedy asserted her rights, and that Reedy was
prejudiced by the delay.  We note that the record is silent as to any reason
for the delay.  As to the legal components of the Barker test, the
record supports the legal conclusions that Reedy timely asserted her rights at
the hearing, that a delay of eight months resulted in a violation of Reedy’s
federal and state constitutional rights to a speedy trial on the alleged Class
C misdemeanor offense that is punishable by a fine only, and that the
eight-month delay resulted in prejudice.




The
State’s arguments are overruled, and the order of the county court is affirmed.

 

 

                                                                                                PER
CURIAM

 

May 27, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Tex. Penal Code Ann. § 38.10 (Vernon 2003 ) defines the offense and
declares it to be a Class C misdemeanor.  The punishment for a Class C
misdemeanor is a fine not to exceed $500.  Tex.
Penal Code Ann. § 12.23 (Vernon 2003).  





                        [2]Because the fine originally assessed by the municipal
court exceeded $100, this court has jurisdiction pursuant to Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon 2005).