

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1215-13

**CAMERON MOON, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
HARRIS COUNTY**

---

**KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.**

For almost forty years, the tendency among the courts of appeals has been to hold that a juvenile transfer order need not specify in detail the facts supporting the order. The court of appeals in this case broke rank with the weight of that authority, and this Court now goes along with the court of appeals's unconventional holding. I would, instead, stick with the conventional path followed by most of the courts of appeals. In the present case, the transfer order complied with the statute by listing the reason for the transfer. Moreover, the order was effective if the reason given for transfer—seriousness of the offense—was supported by sufficient evidence. The evidence clearly supports the reason given.

## A. What the Statute Requires

### 1. *The Text*

The Family Code provides that, for a child above a certain age who commits one of the types of offenses listed, a juvenile court may waive its jurisdiction if,

> after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.[1]

In making this determination, the juvenile court must consider, among other matters:

> (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
>
> (2) the sophistication and maturity of the child;
>
> (3) the record and previous history of the child;  and
>
> (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.[2]

A juvenile court order waiving jurisdiction must "state specifically . . . its reasons for waiver and certify its action."[3]

### 2. *The Transfer Order Need not Detail the Facts*

In construing a statute, we give effect to the plain meaning of its text unless the language of the statute is ambiguous or the plain meaning leads to absurd results that the legislature could not

---

[1] TEX. FAMILY CODE § 54.02(a)(3).

[2] *Id.* § 54.02(f).

[3] *Id.* § 54.02(h).

have possibly intended.[4] None of the provisions quoted above require the juvenile court to recite the *facts* upon which its transfer holding is based. Rather, the statutory scheme merely directs the juvenile court to state the *reasons* for the waiver. And as the Court's opinion makes clear, the weight of authority in the courts of appeals suggests that the reasons in support of transfer may be conclusory, and transfer orders may simply recite the statutory language.[5] The legislature's failure to change the statutory wording in light of this authority is some indication that the legislature approves of the construction given.[6] Moreover, if the legislature had wanted to require the juvenile court to recite the facts that support its decision to transfer, the legislature could have easily drafted language to that effect.[7]

And even assuming the Supreme Court's pronouncements in *Kent v. United States*[8] influenced the statutory scheme before us, that case did not hold that a juvenile court was required to set forth in its order the facts that supported its transfer decision. Rather, the Supreme Court simply held that the federal statute before it required the juvenile court "to accompany its waiver order with a statement of the reasons or considerations therefor."[9] The Supreme Court expressly stated that it did *not* read the federal statute to require that the statement of reasons "be formal or that

---

[4] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[5] *See* Court's op. at n.54.

[6] *State v. Colyandro*, 233 S.W.3d 870, 878 (Tex. Crim. App. 2007).

[7] *See e.g.* TEX. CODE CRIM. PROC. art. 11.07, § 4(a) (requiring a subsequent application to contain sufficient "specific facts" establishing circumstances that would constitute an exception to the general rule prohibiting subsequent habeas applications).

[8] 383 U.S. 541 (1966).

[9] *Id.* at 561.

it should necessarily include conventional findings of fact."[10]  The Supreme Court did suggest that a "statement of relevant facts" was necessary for appellate review, but that suggestion was made in the context of a case in which no hearing was held,[11] and, so, no evidence would have been heard on the matter.  In the present case, there was a hearing, the record of which can be reviewed on appeal to determine whether the facts elicited at the hearing support the juvenile court's stated reason for the transfer.

### 3. *The Four Statutory Factors are not Individually Subject to a Sufficiency Review*

The court of appeals treated the four statutory factors outlined above as individually subject to a sufficiency review,[12] and the Court upholds this approach as legitimate.  But this approach artificially constrains a court's analysis beyond what the statute requires.  If the legislature had wanted the factors listed to be supported by sufficient evidence and subject to a sufficiency review, it could have made them special issues, imposed a burden of proof with respect to the individual factors, or required that a finding be made on a particular factor or factors.[13]  But the statute does not require the juvenile court to find any particular factor true, and the factors are not exclusive.  The juvenile transfer statute's closest analogues to a special issue are the "seriousness of the offense" and "background of the child" reasons for transfer.  The four statutory factors appear to be mere non-exclusive guides in deciding whether one of those two reasons for a transfer exists.  In that respect,

---

[10]  *Id.*

[11]  *Id.*

[12]  *See Moon v. State*, 410 S.W.3d 366, 372-78 (Tex. App.–Houston [1ˢᵗ Dist.] 2013, pet. granted).

[13]  *See* TEX. CODE CRIM. PROC. arts. 37.071, § 2(b) (special issues in a death penalty case), 42.12, § 3g(a)(2) (deadly-weapon finding).

the four statutory factors appear to play a role similar to that of the *Keeton* factors with respect to the future-dangerousness special issue in capital murder cases.[14]

Attempting to conduct a sufficiency review on the four factors individually creates myriad problems, especially when a factual sufficiency review is involved. If one conducts a factual sufficiency review of each factor individually, how does one account for the possible cumulative effect of multiple factors? That is, if two or more factors are supported by legally sufficient but factually insufficient evidence, must all of the factors be disregarded as insufficient, or can multiple factors that are individually supported by factually insufficient evidence nevertheless add up to sufficient evidence as a whole?

And conducting a sufficiency review of individual factors is not enough to resolve the transfer question because, at least in the Court's estimation, proof of an individual factor is not necessarily enough to support a transfer. If it were, appellant's transfer would clearly be supported because the first factor, whether the alleged offense is against a person or property, has been definitively established in the State's favor. Under the Court's reasoning, because proof of an individual factor is not necessarily enough, the appellate court must still decide whether the factors as a whole, and any other relevant factors, are sufficient to justify either the "seriousness of the offense" or "background of the child" reasons for transfer (or both). This results in a two-tiered approach to sufficiency: first analyzing the sufficiency of the individual factors, and then assessing the sufficiency of the factors as a whole. The closest analogue to this two-tiered approach is the test for constitutional speedy-trial violations, in which the individual factors are subject to a bifurcated

---

[14] *See Keeton v. State*, 724 S.W.2d 58, 61 (Tex. Crim. App. 1987) (setting forth a list of factors that may be considered in assessing a defendant's future dangerousness).

standard of review and the balancing of those factors is subject to *de novo* review.[15]   But in that context, the factors are exclusive and, once a threshold showing is made, they must all be balanced against each other[16]—neither of which is true of the statutory factors in the juvenile transfer context.

Moreover, the nature of at least two of the four statutory factors suggests that a sufficiency review of the individual factors is inappropriate.  The first statutory factor—whether the alleged offense was against person or property—is just a question of law.   The question is simply whether the offense alleged is a crime against a person, a crime against property, or a crime that falls within neither of those categories.  The answer to that question can be resolved by looking solely to the State's charges.  The fourth statutory factor—the prospects of protecting the public and rehabilitating the child—calls for predictions, and as such, would not seem to be the sort of issue that would be subject to a factual sufficiency review.[17]

Finally, the non-exclusivity of the four statutory factors also raises the issue of the juvenile court importing its own factors and how we would conduct a sufficiency review in that context.  This is not a mere hypothetical question because, in the present case, the transfer order included two factual conclusions that are not covered by the four statutory factors: (1) that appellant was charged with murder and (2) that there was probable cause to believe the offense had been committed.  The

---

[15] *See Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008); *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997).

[16] *See Gonzales v. State*, 435 S.W.3d 801, 808-15 (Tex. Crim. App. 2014).

[17] *See McGinn v. State*, 961 S.W.2d 161, 168 (Tex. Crim. App. 1998) ("But, predictions are not right or wrong at the time of trial—they may be shown as accurate or inaccurate only by subsequent events . . . . [O]nce the rationality of the prediction is established, attempting to determine whether a jury's prediction of the probability of future dangerousness is nevertheless wrong or unjust because of countervailing evidence is an impossible task.").

first is undeniably true as a legal matter and the second is supported by legally and factually sufficient evidence. The fact that a trial court can import its own factors suggests that conducting a sufficiency review of an individual factor is myopic at best. The real, relevant question is whether the matters considered by the trial court are sufficient to justify a transfer on the basis of the seriousness of the offense or of the background of the child.

### 4. *Factors Two and Four are Relevant to the Seriousness-of-the-Offense Reason for Transfer*

The Court also errs when it concludes that the second and fourth statutory factors are relevant only to the "background of child" reason for transfer. The statutory language does not limit the purpose for which the four statutory factors may be considered, and the second and fourth factors in particular may well be relevant to the "seriousness of the offense" reason for transfer. The second factor—the sophistication and maturity of the child—relates to the seriousness-of-the-offense reason for transfer in two ways. First, the more sophisticated and mature the child, the more blameworthy his conduct is likely to be.[18] Blameworthiness is a legitimate factor in determining the seriousness of an offense.[19] Second, the circumstances of the offense can be used to assess the sophistication and maturity of the child, at least in some respects.[20]

---

[18] *See Roper v. Simmons*, 543 U.S. 551, 571 (2005) ("Retribution is not proportional if the law's most severe penalty is imposed on one whose culpability or blameworthiness is diminished, to a substantial degree, by reason of youth and immaturity.").

[19] *See Penry v. Lynaugh*, 492 U.S. 302, 322-28 (1989) (defendant's moral culpability constitutionally relevant to whether he should receive the death penalty and jury must be given a vehicle to give effect to evidence of facts that would reduce the defendant's blameworthiness).

[20] *See Ex parte Sosa*, 364 S.W.3d 889, 894 (Tex. Crim. App. 2012) ("We cannot agree that the facts of the offense are categorically irrelevant to the determination of mental retardation for Eighth Amendment purposes. The capital offense for which an *Atkins* claimant was convicted will generally be one of the best documented events in his life, and certain facts will

With respect to the fourth factor, the circumstances of the crime and the background of the child are both relevant to determining whether society can be protected and the child can be rehabilitated. As we have explained in the capital murder context, the circumstances of the offense are highly relevant to determining whether a defendant poses a future danger to society, and sometimes are sufficient by themselves to do so.[21] The protection-of-public/rehabilitation issue in the juvenile context is much like the inquiry into the future-dangerousness special issue.

## B. The Statute Was Satisfied

The juvenile court's transfer order states that "because of the seriousness of the offense, the welfare of the community requires criminal proceeding."[22] Under § 54.02(a)(3), this by itself was

---

have been proven to a jury beyond a reasonable doubt. In some cases—and we believe this is one of them—the complexity of the offense and the applicant's role in the offense need to be squared with a finding of mental retardation."); *Ex parte Briseno*, 135 S.W.3d 1, 8-9 (Tex. Crim. App. 2004) (circumstances of offense may show forethought, planning, and complex execution of purpose).

[21] *Devoe v. State*, 354 S.W.3d 457, 462 (Tex. Crim. App. 2011) ("The circumstances of the offense and the events surrounding it may be sufficient in some instances to sustain a 'yes' answer to the future dangerousness special issue."); *Druery v. State*, 225 S.W.3d 491, 507 (Tex. Crim. App. 2007) ("But the circumstances of the offense itself can be among the most revealing evidence of future dangerousness.") (internal quotation marks omitted).

[22] The exact wording of this portion of the juvenile court's order is as follows:

After full investigation and hearing at which hearing, the said CAMERON MOON, FATHER, MICHAEL MOON were present; the court finds that the said CAMERON MOON, is charged with a violation of a penal law of the grade of felony, if committed by an adult, to wit: MURDER committed on or about the 18TH day of JULY, 2008; that there has been no adjudication of THIS OFFENSE; that he was 14 years of age or older at the time of the commission of the alleged OFFENSE having been born on the 26TH day of FEBRUARY, 1992; that there is probable cause to believe that the child committed the OFFENSE alleged and that because of the seriousness of the OFFENSE, the welfare of the community requires criminal proceeding.

a sufficient reason to justify a transfer, if it is adequately supported by the record.

Moreover, the transfer order stated that the juvenile court had considered the four statutory factors, and the transfer order found three of those factors in the State's favor. With regard to the first factor, the court found and that this offense was one against the person. With regard to the second statutory factor, the juvenile court found that appellant was "of sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional rights heretofore waived[,] . . . to have aided in the preparation of his defense *and to be responsible for his conduct.*"[23] And with regard to fourth statutory factor, the juvenile court stated that, based on the evidence and reports presented, "there is little if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of [appellant] by use of procedures, services, and facilities currently available to the Juvenile Court." The transfer order also pointed out that appellant was charged with murder and concluded that there was probable cause to believe that the offense had been committed.

The evidence presented at the hearing demonstrates the seriousness of appellant's offense. Appellant pretended to be a drug seller and set up a fake drug deal in order to accomplish a robbery. He pursued and shot the victim as the victim fled. Appellant sent instructions by text message to a co-conspirator both before and after the offense. Text messages sent before the crime asked a co-conspirator if he was ready to begin and to bring a gun. In text messages after the crime, appellant attempted to cover up his involvement, saying: "Don't say a word." "Tell them my name is Crazy, and you don't know where I live."

The offense appellant was charged with—murder—is one of the most serious crimes in the Penal Code, but under the evidence presented, appellant's conduct—a murder in the course of a

_____

[23] Emphasis added.

robbery—could have been charged as capital murder, the offense that carries the most serious punishment in this state.[24] Appellant showed forethought in planning a robbery by setting up a fake drug deal and giving instructions to his accomplice. He showed aggressiveness in pursuing the fleeing victim. And he attempted to cover up his involvement in the crime by admonishing his accomplice to refer to appellant only by a nickname and say he was unaware of where appellant lived. This evidence showed a crime that was serious, not only because of its effect, but also because of how it was conducted—with aggression and forethought and without apparent remorse.

This Court and the court of appeals not only arrive at the wrong result by applying the wrong standards; there are other flaws in those courts' analyses. In analyzing the sophistication-and-maturity factor, the court of appeals and this Court focus on appellant's ability to waive his constitutional rights and assist in his defense. But that was not the only aspect of sophistication and maturity described in the juvenile court's order. Overlooked by the court of appeals and this Court is the fact that the juvenile court also found appellant to have sufficient sophistication and maturity to be responsible for his conduct. That latter conclusion is *amply* supported by the evidence in the record. And in connection with the fourth statutory factor, the court of appeals gave short shrift to the State's legitimate arguments regarding the circumstances of the offense and inaccurately accused the State of conflating various subsections of the statute.[25] Given the flaws in the court of appeals's

---

[24] *See* TEX. PENAL CODE § 19.03(a)(2).

[25] *See Moon*, 410 S.W.3d at 375 (acknowledging that the State pointed to the offense itself, to evidence showing that it was committed during a drug transaction, and to the fact that appellant repeatedly shot the victim while he fled and acknowledging the State's contention that "based on the seriousness of the offense alone, the evidence sufficiently demonstrated that appellant's transfer was consistent with the public's need for protection" but concluding that the State conflated subsections (a)(3) and (f) of the statute); *id.* at 376-78 (only discussion of the circumstances of the offense or the State's arguments was a passing reference to "the nature of the charged offense" as helping to

opinion and its clearly erroneous conclusions, we should not be affirming its decision today.

### C. Conclusion

I would hold that the court of appeals improperly overturned the juvenile court's decision and that the juvenile court did not err in transferring appellant to adult criminal court. I respectfully dissent.

Filed: December 10, 2014
Publish

---

establish the legal sufficiency (but not factual sufficiency) of the evidence to show the fourth statutory factor). Even if a factual sufficiency review could apply to the fourth statutory factor, the court of appeals's analysis would be inadequate for failing to "detail all the relevant evidence and . . . explain in exactly what manner the evidence is factually insufficient." *Steadman v. State*, 280 S.W.3d 242, 247 (Tex. Crim. App. 2009).