

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00345-CR

_____

MARC ALLEN MASON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 23,957-C; Honorable Ana Estevez, Presiding

December 9, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Marc Allen Mason, was convicted by a jury of the offense of burglary of a building, enhanced by two prior felony convictions, and assessed a sentence of seventeen years confinement and a fine of $5,000.[1] By two issues, Appellant contends

---

[1] TEX. PENAL CODE ANN. § 30.02 (a)(1) (West 2011). Burglary of a building is a state jail felony. *Id.* at § 30.02 (c)(1). As enhanced, the offense was punishable as a second degree felony. *Id.* at § 12.425 (West Supp. 2015).

(1) his right to a speedy trial was violated and (2) the trial court erred by not staying proceedings in his case until the issue of his competency was resolved. We affirm.

BACKGROUND

Appellant was arrested for the offense of burglary of a building on November 20, 2012, and he remained incarcerated until he was eventually sentenced, almost twenty-two months later, on September 17, 2014. On March 20, 2013, four months after his arrest, an indictment was returned, and the next day, an attorney was appointed for the first time.

On April 19, 2013, without a written motion from the State or the defense and for reasons not apparent from the record,[2] the trial court scheduled a psychiatric evaluation of Appellant to be conducted on June 6, 2013. The evaluation was for the purpose of determining Appellant's competency to stand trial and his sanity at the time of the alleged offense. The evaluation did not take place as scheduled because Appellant was not transported to the doctor's office by the sheriff's office on the appointed date.

Eight months later, on February 19, 2014, the trial court rescheduled Appellant's psychiatric evaluation for March 21, 2014. That second-scheduled evaluation was not completed either because Appellant refused to participate. On May 13, 2014, new counsel was appointed to represent Appellant. On June 2, 2014, Appellant filed his own motion for a psychiatric examination. That motion was granted and an examination was scheduled for the third time on August 14, 2014. That evaluation was also not completed because the appointed examiner declined to perform the examination based

---

[2] In *pro se* pleadings subsequently filed by Appellant, he contends that he suffers from "legal disability" arising from an "audio implant" surgically embedded within his right maxillary sinus cavity and larynx by "clandestine" State operatives.

on Appellant's representation that he had discharged his court-appointed attorney. At that point, the trial court scheduled Appellant's case for trial on September 15, 2014.

On September 2, 2014, counsel filed Appellant's *Motion to Dismiss for Lack of Speedy Trial* and on September 11th, he filed a *Motion for Re-Instatement of Psychiatric Examination.* At a pretrial hearing held September 15th, both motions were denied. Jury selection began later that same day.

On September 18, 2014, after almost twenty-two months of incarceration, Appellant was convicted of the offense of burglary of a building. During the punishment phase of trial, the jury found the two felony enhancement allegations to be true and assessed his sentence at seventeen years confinement and a fine of $5,000. This appeal followed.

ISSUE ONE—VIOLATION OF APPELLANT'S RIGHT TO A SPEEDY TRIAL

APPLICABLE LAW

The Sixth Amendment to the United States Constitution guarantees a speedy trial to a person accused of a criminal offense. U.S. CONST. amend. VI. In determining whether that right has been violated, a reviewing court must balance four factors: (1) the length of the delay, (2) the reasons for the delay, (3) the time at which the accused asserted the right, and (4) the prejudice, if any, suffered by the defendant due to the delay. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *Johnson v. State,* 954 S.W.2d 770, 771 (Tex. Crim. App. 1997).

If there is no undue delay, the court has no reason to address the remaining three factors. *State v. Munoz,* 991 S.W.2d 818, 821 (Tex. Crim. App. 1999). Finally, in

3

reviewing the trial court's denial of the motion to dismiss for lack of a speedy trial, we defer to the trial court on matters involving the resolution of historical facts but apply the law to the four factors *de novo*. *Johnson,* 954 S.W.2d at 771.

*LENGTH OF THE DELAY*

Here, Appellant was incarcerated for almost twenty-two months prior to trial. Given that a seventeen-month delay was sufficient to trigger consideration of the remaining three factors in *Munoz*, we deem the delay in this case to be sufficient to warrant further review.

*REASON FOR THE DELAY*

In this case, the most obvious reasons for the delay appear to be the issue of Appellant's competency to stand trial, the potential defense of insanity, and the difficulties encountered in completing a psychiatric evaluation. At the hearing on his speedy trial motion, Appellant attempted to shift the reason for the delay to the animus and hostility he felt the sheriff's office had for him due to his prior romantic relationship with a former employee of the Randall County Sheriff's Office. Appellant testified at length regarding the conditions under which he was held and the adverse impact that environment had on his psychological health.[3] Other than his own testimony, Appellant did not present any additional evidence of delay caused by the State and the prosecution offered no rebuttal witnesses to his allegations. Even assuming the trial court gave credence to Appellant's testimony, those allegations do not translate into a State-created reason for delay. For almost seventeen of the twenty-two months that

---

[3] Appellant testified that he was held in solitary confinement, in a 6x10 cell, with no lights and no windows, for more than twenty-three hours a day for most of the twenty-two months he was incarcerated prior to trial.

4

elapsed between Appellant's incarceration and his trial, there was some issue pending before the trial court concerning his mental competency to stand trial and the possibility of an insanity defense. Because a portion of that delay might be attributable to the State due to the failure of the sheriff's office to transport Appellant to the first-scheduled psychological evaluation, this evidence weighs slightly in favor of finding a speedy trial violation. However, evidence admitted during the pretrial hearing also supports the conclusion that the delay in completing a psychological evaluation was due to Appellant's refusal to cooperate in the March 21, 2014 examination and by his request to remove his second court-appointed counsel at the time of the August 14, 2014 examination. Overall, we consider this *Barker* factor as being neutral when it comes to determining whether there has been a violation of Appellant's right to a speedy trial.

*ASSERTION OF THE RIGHT*

On March 25, 2014, (sixteen months after incarceration and almost six months prior to trial) while represented by his first court-appointed counsel, Appellant did file a *pro se* document entitled *Pro Se Notice of Neglect-of-Client (By Appointed Counsel Greg Phifer), Claim of Ineffective Assistance of Counsel (By Same), & Pro Se Motion for Appointment of Private Investigator to Pro Se Defense (6th Amend. U.S. Const.),* claiming that his Sixth Amendment rights had been violated. That pleading did not, however, request that Appellant be brought to trial in a speedy manner. On May 13, 2014, Appellant's first court-appointed counsel was allowed to withdraw and new counsel was appointed. On September 2nd, Appellant's new counsel filed a formal *Motion To Dismiss For Lack of Speedy Trial* and after hearing evidence and arguments of counsel at a pretrial hearing on September 15th, the trial court denied Appellant's

5

motion for speedy trial. One viewing these circumstances could reasonably deduce that Appellant was less than diligent in asserting his right to a speedy trial. *See McIntosh v. State*, 307 S.W.3d 360, 368 (Tex. App.—San Antonio 2009, pet. ref'd) (stating that the accused has the burden of showing he acted diligently in pursuing this right to a speedy trial). Accordingly, this factor weighs against a finding that Appellant's speedy trial rights were violated.

### *PREJUDICE*

A speedy trial is designed to protect the interests of (1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the chance that the accused's defense will be impaired. *Munoz,* 991 S.W.2d at 826. The last of these factors is the most important since the ability to adequately defend oneself affects the fairness of the legal system. *Id.*

In that regard, Appellant contends his defense was prejudiced by the fact that two witnesses became unavailable to assist in his defense during the period between incarceration and eventual trial. One witness, Appellant claims, was rendered unavailable by the fact that she had moved more than 500 miles from Amarillo and the other was rendered incompetent to testify because her "memory has failed." On cross-examination, Appellant admitted he had not made any attempt to procure the presence or testimony of either witness. Although Appellant did not proffer the substance of the testimony he claims was rendered unavailable, he did indicate that the nature of their testimony would be concerning his state of mind at the time of the offense. We are left to speculate whether that testimony would benefit Appellant. *See Harrison v. State,* 282 S.W.2d 718, 722 (Tex. App.—Amarillo 2009, no pet.) (stating that to show prejudice due

6

to the unavailability of a witness, the accused must provide some proof that the testimony would have benefited the defense). Under these circumstances, we find the evidence weighs only slightly in favor of a finding of prejudice.

In sum, while we are troubled by the delay between initial incarceration and trial, after balancing all the *Barker* factors, we cannot say that the efficacy of the process itself was impugned to such an extent that dismissal of the indictment was warranted. Accordingly, Appellant's first issue is overruled.

ISSUE TWO—FAILURE TO STAY PROCEEDINGS

By way of an alternative argument, Appellant also contends the trial court erred by failing to delay his trial even further by not waiting until issues concerning his competency to stand trial were resolved. The State contends Appellant waived this issue by failing to object to the trial court's decision to proceed to trial after denying his motion to reinstate the earlier order providing for a psychological examination on the issue of competency. *See Salahud-din v. State,* 206 S.W.3d 203, 208 (Tex. App.—Corpus Christi 2006, pet. ref'd) (finding waiver or any purported error with regard to three pretrial psychological evaluations by failing to object when the trial judge proceeded to trial). We decline to find waiver in this instance because, immediately prior to trial, Appellant did request the trial court to reinstate its prior orders requiring a psychological examination on the issue of competency.

A defendant is incompetent to stand trial if he does not have "(1) sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings

against [him]." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006). A person is presumed to be competent to stand trial unless proved incompetent by a preponderance of the evidence. *Id.* at art. 46B.003(b). Once the issue of a defendant's competency to stand trial has been sufficiently raised, the trial judge should determine by "informal inquiry" whether there is "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Id.* at 46B.004(c). If after an informal inquiry the court determines that evidence exists to support a finding of incompetence, the court shall order an examination to determine whether the defendant is incompetent to stand trial. *Id.* at 46B.005(a). A trial judge's decision to pursue a formal finding of incompetency is reviewed under an abuse of discretion standard. *Moore v. State,* 999 S.W.2d 385, 393 (Tex. Crim. App. 1999).

In this case, Appellant did not request a psychological examination until four days prior to trial, and then only after refusing to cooperate with two previously scheduled examinations. Under these circumstances, it is reasonable to conclude the trial court became weary of Appellant's attempt to manipulate the process and may well have concluded that his claimed incompetency was nothing more than a ploy to delay trial. Appellant was personally present before the court and was afforded the opportunity to testify in support of his speedy trial motion. It is conceivable that in the context of this discourse the trial court formulated the opinion that an examination and subsequent competency trial was not necessary. Given the facts of this case, we cannot say that the trial court abused its discretion in proceeding to trial without a formal hearing on the issue of competence. Appellant's second issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


                                        Patrick A. Pirtle
                                            Justice


Do not publish.