

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00276-CR

MATTHEW LEE FLOWERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Lipscomb County, Texas
Trial Court No. 1296, Honorable Steven R. Emmert, Presiding

July 26, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Following a plea of not guilty, appellant, Matthew Lee Flowers, was convicted by a jury of indecency with a child,[1] a lesser-included offense of continuous sexual abuse of a child.[2] The jury assessed punishment at twenty years' confinement and a $10,000 fine.

---

[1] TEX. PENAL CODE ANN. § 21.11(a)(1). The offense is a second-degree felony punishable by two to twenty years' confinement and a fine up to $10,000. *Id.* § 12.33(a).

[2] TEX. PENAL CODE ANN. § 21.02(b). The offense is a first-degree felony with a special range of punishment between twenty-five and ninety-nine years' confinement. *Id.* § 21.02(h).

By a sole issue, he contends his constitutional right to a speedy trial was violated. The State did not favor us with a brief. We affirm.

### Background

On July 26, 2018, the State indicted appellant for continuous sexual abuse of a child younger than fourteen years of age.[3] His arrest occurred on August 17, 2018, and ten days later, the trial court appointed him his first of five different counsel. The last of the five moved, in February of 2021, for a speedy trial on appellant's behalf. By then, the latter had been incarcerated for almost thirty-one months, eighteen of which preceded the implementation of COVID-19 pandemic protocols.[4]

The trial court granted the motion and set the matter for trial on April 5, 2021. Due to the trial court's schedule and renovations at the Lipscomb County Courthouse, the date was reset several times. That led to appellant renewing his request for a speedy trial on July 19, 2021. The trial court granted it, as well, and ultimately convened trial on November 8, 2021. It resulted in his conviction by a jury for the lesser offense of indecency with a child.

### Analysis

The Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution the right to a speedy trial. U.S. CONST. amend VI; *State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021). Article 1, section 10 of the Texas Constitution provides the same guarantee. TEX. CONST. art. 1, § 10. A speedy trial

---

[3] Appellant was accused of sexually assaulting his then thirteen-year-old daughter.

[4] *See First Emergency Order Regarding the Covid-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020). On May 25, 2022, the Supreme Court issued its fifty-first emergency order. *See Fifty-First Emergency Order Regarding the Covid-19 State of Disaster*, No. 22-9036, 2022 Tex. App. LEXIS 441 (Tex. 2022).

protects three interests of the defendant. They are freedom from oppressive pretrial incarceration, mitigation of the anxiety and concern accompanying public accusation, and avoidance of impairment to the accused's defense. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008).

To determine whether the right has been denied an accused, the reviewing court balances various factors described in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). *See Hopper v. State*, 520 S.W.3d 915, 922–23 (Tex. Crim. App. 2017). Those include the (1) length of the delay, (2) reasons for the delay, (3) time at which the accused asserted the right, and (4) prejudice, if any, suffered by the defendant due to the delay. *Id.; Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997).

The "triggering mechanism" mandating consideration of the factors is the answer to the question of whether the delay is unreasonable. *Cantu*, 253 S.W.3d at 281. That is, unless the court initially finds the delay unreasonable, the analysis ends. There is no set time that equates unreasonableness, however. *Id.* Yet, should the delay be initially found unreasonable, courts then weigh the strength of each factor in light of "the conduct of both the prosecution and the defendant." *See id.* (citing *Zamorano v. State,* 84 S.W.3d 643, 648 (Tex. Crim. App. 2002) (en banc)). No one factor is determinative, however. *Id.* Instead, the four and any other pertinent circumstances are considered together. *Id.*

We review a claim of a violation of the right to a speedy trial under a bifurcated standard. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011). Under it, almost total deference is afforded the trial court's findings of historical facts; so too do we draw reasonable inferences from those facts necessary to support the findings. But we review de novo the application of the law to the facts. *Gonzales v. State*, 435 S.W.3d

3

801, 808–09 (Tex. Crim. App. 2014); *Ex parte Sheffield*, 611 S.W.3d 630, 634 (Tex. App.—Amarillo 2020, pet. granted).

First, some authority has viewed a delay approaching one year as sufficient to warrant the consideration of all the *Barker* factors. *See, e.g.*, *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003) (citing *Doggett v. United States*, 505 U.S. 647, 651–52, 120 L. Ed. 2d 520, 112 S. Ct. 2686 (1992)). More than a year lapsed between arrest and trial, at bar. So, we turn to the remaining *Barker* factors.

Second, appellant had five different attorneys appointed to represent him. The first left because appellant filed a grievance against him with the State Bar. Three others were appointed over time, but they too were allowed to withdraw. Only the last of his appointed counsel sought a speedy trial on his behalf. That request was made in February of 2021, or some 2.5 years after his initial incarceration. We are not told why it was not made sooner. This is influential because a defendant has the responsibility to assert his right to a speedy trial. *State v. Estrada*, No. 10-16-00062-CR, 2016 Tex. App. LEXIS 7693, at *6 (Tex. App.—Waco July 20, 2016, no pet.) (mem. op., not designated for publication) (citing *Cantu*, 253 S.W.3d at 283). The absence of a timely assertion indicates both that he did not actually want such a trial and was not prejudiced by the delay in receiving one. *Dragoo*, 96 S.W.3d at 314.

Third, when the assertion came, it fell in the midst of the COVID-19 pandemic and the declaration of disaster. With them came numerous emergency orders from our Supreme Court impeding a trial court's ability to conduct trials. Though it does not supersede constitutional mandate, a "declaration of a state of disaster may [and did] impact the judiciary and its disposition of cases pending before it." *Ex parte Sheffield*,

4

611 S.W.3d at 635. Effort to remove court proceedings from the tar pit created by COVID-19 ensued. Nevertheless, and fourthly, another obstacle arose here.

It concerned the renovations of the local courthouse. Their nature prevented convening of trials at the locale. By then, appellant had begun seeking a speedy trial. In effort to acquiesce, the trial court offered to hold one in a neighboring county within the trial court's district. Appellant rejected that offer despite his purported desire for a trial. That left the trial court with little option other than to wait until completion of the renovations.

Fifth, trial began in November of 2021. Admittedly, appellant remained incarcerated during the over three-year period between his arrest and trial. Furthermore, unsuccessful effort to secure his release from jail by reducing his $500,000 bond was made. Being denied one's liberty for that amount of time cannot be ignored. Yet, he cited us to no evidence illustrating the extent of any impact being incarcerated had upon his body or mind. Nor did he cite us to evidence suggesting that it impeded his ability to present a defense to the criminal accusation levied against him. There was no mention of beneficial testimony or evidence being lost or memories fading. Moreover, the crime for which the jury convicted him was not that for which the State indicted him. Though he was indicted for the first-degree felony of continuous sexual abuse of a child, jurors instead convicted him of the lesser second-degree felony offense of indecency with a child. The twenty-year sentence levied for the second-degree felony fell far short of the ninety-nine years he risked if convicted of the original charge.

No doubt, there were delays. Yet, they were not attributable to the State, given its continual declaration of ready. Circumstances beyond its control—and, at times, that of

5

the trial court—intervened.  Moreover, appellant eschewed at least one alternative proffered by the trial court in effort to grant appellant's request.  And, given the outcome of the trial and missing evidence of prejudice upon his ability to defend himself, our balancing the circumstances leads us to conclude that appellant's right to a speedy trial was not denied him.  *See Lemons v. State*, No. 10-21-00136-CR, 2022 Tex. App. LEXIS 2781, at *11–12 (Tex. App.—Waco Apr. 27, 2022, no pet.) (mem. op., not designated for publication) (finding that delays were due to pandemic and that appellant failed to identify any prejudice he experienced from delay).  Consequently, we overrule his sole issue and affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.

6